

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
175 W. Jackson Boulevard, Suite 1450
Chicago, IL 60604

CHICAGO
REGIONAL OFFICE

August 4, 2023

**Via ECF**

Hon. Elizabeth Cowan Wright
United States Magistrate Judge
United States District Court
316 N. Robert Street
St. Paul, MN 55101

    Re:    *SEC v. Miller, et al.*,
                No. 21-CV-01445 (DSD/ECW) (D. Minn.)

Dear Magistrate Judge Wright:

    Plaintiff United States Securities and Exchange Commission ("SEC") writes in response to the August 2, 2023 Letter of Defendant Saeid Jaberian requesting that the Court appoint counsel for him or, in the alternative, grant him an additional 30 days to respond to the Amended Complaint.

    The SEC takes no position as to Jaberian's request for the appointment of counsel, but provides the Court with the relevant legal standard in exercising its discretion. The Court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so. *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). District courts may exercise this discretion to appoint counsel for indigent plaintiffs as well as indigent defendants in civil cases. *See Spencer v. Casavilla*, 903 F.2d 171, 176 (2d Cir. 1990). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the [movant's] ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

    Here, Jaberian is well versed in the facts of this case since he has already pleaded guilty and been sentenced in the parallel criminal case, *United States v. Jaberian*, 21-CR-142 (D. Minn.), which charged Jaberian with committing

Letter to Magistrate Judge Wright
August 4, 2023
Page 2

securities fraud in connection with many of the same companies at issue here. *Compare United States v. Jaberian*, 21-CR-142 (D. Minn.) (securities fraud in connection with DIGI, ECMH, BLLB, and UITA tickers), *with SEC v. Jaberian*, 21-CV-1455 (securities fraud in connection with DIGI, ECMH, BLLB, UITA, BBDA, SMEV, and LEAS tickers). In deciding to plead guilty to Count 9 (concerning BLLB), with the assistance of able criminal counsel, Jaberian presumably reviewed the evidence against him and the relevant legal standards before admitting his guilt under oath. Such experience is relevant to whether Jaberian should receive Court-appointed counsel at the government's expense in this civil matter.

However the Court rules on Jaberian's request, the SEC has no objection to the Court's granting Jaberian an additional 30 days to respond to the Amended Complaint.

Finally, while Jaberian's letter contains numerous factual inaccuracies that are not relevant to the instant requests, the SEC wishes to correct the record as to the status of Jaberian's criminal forfeiture. While Jaberian pleaded guilty to Count 9 in the criminal case, the Court never ordered him to forfeit $57,034 and, as a result, Jaberian has not paid it. The SEC's remedy of disgorgement here is, therefore, not "double dip[ping]," as Jaberian contends.

Regards,

Alyssa A. Qualls
Senior Trial Counsel
quallsa@sec.gov
(312) 886-2542

cc:   Defendant Mark Miller (via ECF)
      Defendant Christopher Rajkaran (chris6x8@gmail.com)
      Defendant Saeid Jaberian (perspolisjon1@gmail.com)