UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>　　Plaintiff,<br><br>v.<br><br>MARK A. MILLER, SAIED JABERIAN, and CHRISTOPHER J. RAJKARAN,<br><br>　　Defendants. | Case No. 21-cv-1445 (DSD/ECW)<br><br>**ORDER** |

　　This matter is before the Court on pro se Defendant Saeid Jaberian's ("Jaberian") August 2, 2023 Letter to the Court (Dkt. 37), seeking the appointment of counsel and an extension of time to respond to the Amended Complaint. Plaintiff United States Securities and Exchange Commission ("SEC") responded by letter asserting that it had no position with respect to the appointment of counsel and had no objection to the Court granting Jaberian an additional 30 days to respond to the Amended Complaint. (Dkt. 38.)

　　*Pro se* litigants have no constitutional or statutory right to counsel in civil cases. *See Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (citing *Wiggins v. Sargent*, 753 F.2d 663, 668 (8th Cir. 1985)). Instead, in cases such as these, appointing counsel is a matter committed to the trial court's discretion. *See McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997) (citing cases). Among the factors the Court considers in determining whether to appoint counsel are the case's factual and legal complexity, the litigant's

ability to present his claims, and whether the litigant and the Court would benefit from representation by counsel for both parties. *See id.* at 756 (citing cases); *see also Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986) (same). In this action, the facts seem relatively simple, and while there may be some legal complexities, Jaberian's letter suggests that he has the threshold ability to present his own claims.

In its discretion, however, the Court will refer Jaberian to the Federal Bar Association's (FBA) Pro Se Project ("PSP"). Through this program, the FBA's Minnesota Chapter operates a program of volunteer lawyers who donate their time to assist unrepresented individuals. "[T]he Court has no obligation to refer a pro se litigant to the [PSP]." *Rickmyer v. ABM Sec. Servs., Inc.*, No. 15-CV-4221 (JRT/FLN), 2016 WL 1248677, at *5 (D. Minn. Mar. 29, 2016) (citing cases), *aff'd*, 668 F. App'x 685 (8th Cir. 2016); *see also Henderson v. Minnesota*, No. 19-CV-0135 (MJD/ECW), 2019 WL 2223950, at *2 (D. Minn. May 23, 2019) (quoting *Rickmyer*). But under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." After reading the Amended Complaint, the Court believes that the circumstances here justify a PSP referral. The Court will therefore refer Jaberian by separate correspondence to the PSP. Jaberian should bear in mind that while one of the PSP's volunteer lawyers may agree to represent him, **there is no requirement that a volunteer lawyer do so or that any lawyer be appointed to assist him.** *See Irwin v. Miles*, No. 20-CV-0755 (JRT/ECW), 2020 WL 13749150, at *2 (D. Minn. Mar. 26, 2020), *R. & R. adopted*, 2020 WL 2086233 (D. Minn. Apr. 30, 2020).

In light of this referral, the Court also finds that a 30-day extension from the date of this Order for Jaberian to answer or otherwise respond to the Amended Complaint, consistent with the Federal Rules of Civil Procedure, to be appropriate.[1]

## ORDER

Based on the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that:

1. Defendant Saeid Jaberian's Request for the Appointment of Counsel (Dkt. 37) is **DENIED**. The Court will refer Jaberian to the Federal Bar Association's Pro Se Project by separate correspondence.

2. Defendant Saeid Jaberian's Request for Extension of Time to Answer or otherwise respond to the Amended Complaint (Dkt. 37) is **GRANTED**. Defendant Saeid Jaberian shall answer or otherwise respond to the Amended Complaint within thirty (30) days of this Order.

3. Based on the available record, the Clerk of Court is directed to send a copy of this Order to Defendant Saeid Jaberian at 12601 Ridgemount Avenue W., Minnetonka,

---

[1] The Court notes that Jaberian's letter makes cursory mentions regarding grounds for dismissal. To the extent that Plaintiff seeks such relief from the Court, he must do so in compliance with the Federal Rules of Civil Procedure and the Local Rules for the District of Minnesota. Again, Jaberian is directed to the resources at https://www.mnd.uscourts.gov/representing-yourself, including the Local Rules for the District of Minnesota at https://www.mnd.uscourts.gov/court-info/local-rules-and-orders, the Pro Se Civil Guidebook and Information Sheets at https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets, and the Federal Rules of Civil Procedure at https://www.mnd.uscourts.gov/federal-rules.

Minnesota 55305.  Defendant is reminded that he has an obligation to keep the Court up to date with respect to his current contact information.

DATED: August 9, 2023                              *s/Elizabeth Cowan Wright*
                                                   ELIZABETH COWAN WRIGHT
                                                   United States Magistrate Judge