UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

CIVIL NO. 21-CV-01445 (DSD/ECW)

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION<br><br>                Plaintiff,<br><br>v.<br><br>MARK A. MILLER, SAEID JABERIAN, and CHRISTOPHER J. RAJKARAN,<br><br>                Defendants. | **RULE 26(f) REPORT** |

The parties and/or counsel identified below participated in the meeting required by Federal Rule of Civil Procedure 26(f) and the Local Rules on November 16, 2023, and prepared the following report.

The initial pretrial conference in this matter is scheduled for December 1, 2023, at 9:00 a.m., before United States Magistrate Judge Elizabeth Cowan Wright, by conference bridge.

**DESCRIPTION OF CASE**

1.     Concise Factual Summary of Plaintiff's Claims:

        As alleged in the First Amended Complaint, from July 2017 until at least April 2019, Defendants Mark Miller, Saeid Jaberian, and Christopher Rajkaran engaged in a fraudulent scheme to target at least seven inactive penny-stock companies (the "Issuers"), by hijacking five of the companies and causing them to issue false and misleading statements, and by falsely promoting the Issuers with the intention of profiting from a "pump and dump" of the stock. Defendants' scheme to defraud typically followed the same pattern. First, Defendants Miller, Jaberian, and Rajkaran bought the Issuers' stock on the open market. Next, Miller, Jaberian, and Rajkaran reinstated most of the Issuers' state corporate registrations by paying fees and/or filing documents with Secretaries of State for three states

that falsely stated that Miller, Jaberian, or Miller's nominee, had become the new President or CEO of the Issuers. Miller (and Jaberian in one instance) then obtained five of the Issuers' filing codes for the Electronic Data Gathering, Analysis, and Retrieval System ("EDGAR"), a public database operated by the SEC for companies and their agents to file documents required by the federal securities laws, and caused the Issuers to file Forms 8-K, falsely announcing his (or his nominees') new roles in the companies. Next, Miller, Jaberian, and/or Rajkaran would typically draft and issue press releases falsely announcing Miller, Jaberian, or Miller's nominees' appointment to lead the Issuers and the Issuers' upcoming plans. Miller, Rajkaran, or their associates also simultaneously created Twitter accounts for most of the Issuers and posted the false press releases and other false news concerning the Issuers. Defendants' aforementioned conduct generated interest in the Issuers and drove higher trading volume and share prices in the Issuers' stock. Finally, after the pump was over, Miller, Jaberian, and Rajkaran dumped the Issuers' stock on unwary investors, which generated a net profit for all but two Issuers.

Defendants have criminal convictions for some of this same misconduct. A grand jury charged Defendants with criminal securities fraud for their roles in a scheme involving four of the seven Issuers in the SEC's civil case. *United States v. Miller, et al.*, 21 CR 142 (DSD/ECW) (D. Minn.). Defendants have now pleaded guilty and been sentenced. Specifically, on October 7, 2021, Rajkaran pleaded guilty to conspiracy to commit securities fraud (Count One) and, on January 27, 2022, was sentenced to 18 months' imprisonment and two years' supervised release, and ordered to forfeit $53,487. Dkt. No. 113, *United States v. Rajkaran*, 21-CR-142 (D. Minn. Jan. 27, 2022), *appeal dismissed*, 22-1431 (8th Cir. Apr. 6, 2022). On October 14, 2021, Miller pleaded guilty to conspiracy to commit securities fraud (Count One) and, on May 18, 2023, was sentenced to a term of imprisonment of 12 months and one day and two years' supervised release. *See* Dkt. Nos. 210, 212, 229, *United States v. Miller*, 21-CR-142 (D. Minn.). Further, on May 30, 2023, Miller was ordered to forfeit $38,292 in proceeds from his securities fraud. Dkt. No. 218, *United States v. Miller*, 21-CR-142 (D. Minn.). On May 26, 2023, Miller filed a notice of appeal and, on July 11, 2023, the Court denied Miller's motion to stay his sentence pending appeal. Dkt. Nos. 217, 243, *United States v. Miller*, 21-CR-142 (D. Minn.). Lastly, on November 28, 2022, Jaberian pleaded guilty to securities fraud based on his role in the scheme to pump and dump the stock of one Issuer (BLLB) (Count Nine) and on, May 10, 2023, was sentenced to probation for a term of two years. *See* Dkt. No. 199, *United States v. Jaberian*, 21-CR-142 (D. Minn.). While Jaberian agreed to forfeit $57,034 in his plea agreement, Dkt. No. 168, the Court never entered a forfeiture order and Jaberian never forfeited this amount.

2. Concise Factual Summary of Defendants' Claims/Defenses:

Defendant Miller asserts the defense of collateral estoppel.

Defendant Jaberian denies all allegations of wrongdoing, except to the extent they are consistent with the plea agreement in his companion criminal case. Defendant Jaberian denies any fraudulent intent.

Defendant Rajkaran will assert his defenses when he responded to the First Amended Complaint.

3. Statement of Jurisdiction (including statutory citations): This Court has jurisdiction over this action pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v, and Section 27 of the Exchange Act, 15 U.S.C. § 78aa.

4. Summary of Factual Stipulations or Agreements: None at this time.

5. Statement of whether jury trial has been timely demanded by any party: The SEC has demanded a jury trial.

6. Statement of whether all process has been served, all pleadings filed, and any plan for any party to amend pleadings or add additional parties to the action: Defendant Miller accepted service and Defendants Rajkaran and Jaberian were properly served. (Dkt. Nos. 13, 22-23.) Defendants Miller and Jaberian answered the First Amended Complaint. (Dkt. Nos. 42, 47.) Defendant Rajkaran failed to respond to the First Amended Complaint due to his incarceration on a supervised release violation. (Dkt. No. 43.) Plaintiff SEC requests that the Court set a response deadline at the initial pretrial conference. Plaintiff SEC does not currently have plans to amend the complaint further or add additional parties to the action.

7. If applicable, a list of all insurance carriers/indemnitors, including limits of coverage of each defendant or statement that the defendant is self-insured: Defendants presently are not aware of any insurance that would provide any of them a defense in this matter.

8. The parties do not agree for the case to be resolved under the Court's Expedited Trial Rules.

**CLASS CERTIFICATION MOTION: NOT APPLICABLE**

**FACT DISCOVERY**

The parties recommend that the Court establish the following fact discovery deadlines and limitations:

1. The parties must make their initial disclosures required by Rule 26(a)(1) on or before December 14, 2023.

2. Fact discovery procedures shall be commenced in time to be completed on or before September 3, 2024.

3. The parties do not believe that discovery should be conducted in phases or limited to or focused on certain issues or certain sources before others.

4. The parties propose that the Court limit the use and number of discovery procedures as follows:

    a) No more than a total of 25 interrogatories, counted in accordance with Rule 33(a), shall be served by each side.

    b) No more than 25 document requests shall be served by each side. The parties understand that objections to document requests must meet the requirements of Rule 34(b)(2)(B).

    c) No more than 25 requests for admissions shall be served by each side. Each party may additionally serve on any other party no more than 75 requests for admission solely related to the authenticity of evidence.

5. The parties do not anticipate taking Rule 35 Medical Examinations.

6. No more than 10 depositions, excluding expert witness depositions, shall be taken by either side.

7. The parties have not reached additional agreements concerning the taking of depositions.

8. The parties have not reached additional agreements, beyond those contained herein, limiting discovery procedures.

9. Other Discovery Issues.

    a) Discovery of Electronically Stored Information. The parties have discussed issues about preservation, disclosure, production, or discovery of electronically stored information, as required by Fed. R.

4

    Civ. P. 26(f). Specifically, the SEC has requested that each defendant disclose sources of discoverable ESI, including but not limited to cell phones, smart phones, text-messages, cloud-based storage, email accounts (including personal email accounts), computers, and tablets. The SEC has further requested defendants preserve all such ESI pending a further discussion on ESI-related discovery.

  b) Claims of Privilege or Protection. The parties have discussed issues about claims of privilege and of protection as attorney work-product or trial preparation materials, as required by Fed. R. Civ. P. 26(f), including whether the parties agree to a procedure to assert these claims after production, or have reached any other agreements under Fed. R. Evid. 502, and do request the Court to include the following agreement in the scheduling order or as part of a protective order:

> The parties agree to follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to a claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents in this or any other federal or state proceeding.

## **EXPERT DISCOVERY**

The parties anticipate that they will require expert witnesses at trial, and propose that the Court establish the following plan for expert discovery:

1. Each side may call up to 2 expert witnesses. Each expert may be deposed only once.

2. Disclosure of the identities of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B) (accompanied by the written report prepared and signed by the expert witness) and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

  a) Identities and disclosures by each party on or before October 1, 2024 (one month following the end of fact discovery).

  b) Rebuttal identities and disclosures on or before November 1, 2024 (two months following the end of fact discovery).

3. Expert discovery, including depositions, shall be completed by December 6, 2024 (approximately three months following the end of fact discovery).

4. The parties agree that each party shall pay the expert fees associated with the deposition of that party's experts.

## NON-DISPOSITIVE MOTION DEADLINES

The parties propose the following deadlines for filing non-dispositive motions:

1. Except as provided in paragraph 4 below, all motions that seek to amend the pleadings or to add parties must be filed and served on or before January 8, 2024.

2. All motions that seek to amend the pleadings to include punitive damages, if applicable, must be filed and served on or before: N/A.

3. Except as provided in paragraph 4 below, all non-dispositive motions and supporting documents, including those that relate to fact discovery, shall be filed and served on or before September 16, 2024.

4. All non-dispositive motions and supporting documents that relate to expert discovery shall be filed and served on or before December 20, 2024.

## PROTECTIVE ORDER

The parties intend to enter into a Protective Order.

## DISPOSITIVE MOTION DEADLINES

The parties (except Defendant Jaberian) do not believe that expert discovery must be completed before dispositive motions are filed. The parties recommend that all dispositive motions be filed and served (and heard, depending on District Judge assigned) on or before February 17, 2025. Defendant Jaberian believes that expert discovery must be completed before dispositive motion are filed.

The SEC intends to file a motion for summary judgment against all Defendants early in the discovery period seeking collateral estoppel based on their criminal convictions in *United States v. Miller, et al.*, 21 CR 142 (DSD/ECW) (D. Minn.).

## SETTLEMENT

1. The parties must conduct a meaningful discussion about possible settlement before the initial pretrial conference, including a written demand by the

Plaintiff and a written response by each Defendant. The parties must also discuss whether private mediation or an early settlement conference with the Court (or another form of alternative dispute resolution) would be productive and, if so, when it should occur and what discovery, if any, would be necessary to conduct before such a conference.

The results of that discussion, including any proposals or recommendations, are as follows: The SEC made written settlement demands of each Defendant during the period from March through August 2023. Each settlement proposal included a demand for permanent injunctive relief, disgorgement of ill-gotten gains plus prejudgment interest, appropriate civil penalties, an officer and director bar, and a penny stock bar. In the alternative, the SEC proposed bifurcated settlements whereby Defendants would consent to the issuance of permanent injunctive relief, and the Court would determine remedies, including the amount of disgorgement and penalties, at a later date. Defendants have responded as follows:

Defendant Miller is in the process of responding to the SEC's settlement demand.

Defendant Jaberian and counsel for the SEC are engaged in ongoing settlement negotiations.

Defendant Rajkaran is in the process of responding to the SEC's settlement demand.

2. The parties will email to Magistrate Judge Wright's chambers, no later than one (1) week before the pretrial conference on December 1, 2023, a confidential letter of no more than three (3) pages, setting forth what settlement discussions have taken place, whether the party believes an early settlement conference would be productive, what discovery each party believes is necessary before an early settlement conference can take place and any additional, confidential information about the party's interest in settlement or possible settlement proposals as may be of assistance to Magistrate Judge Wright in planning or furthering early settlement efforts. This confidential letter should not advance arguments or positions on issues that may come before Magistrate Judge Wright for ruling.

3. The Court will discuss this topic with the parties at the pretrial conference and will set a date for an early settlement conference or for a status conference to determine when the case will be ready for a productive settlement conference.

7

## **TRIAL**

1. Trial by Magistrate Judge: The parties have not agreed to consent to jurisdiction by the Magistrate Judge pursuant to Title 28, United States Code, Section 636(c).

2. The parties agree that this case will be ready for trial on April 14, 2025. The anticipated length of the jury trial is ten days.


DATE: November 24, 2023        */s/ Alyssa A. Qualls*
                                                 Alyssa A. Qualls, IL #6292124
                                                 United States Securities and Exchange Commission
                                                 175 West Jackson Blvd., Suite 1450
                                                 Chicago, Illinois 60604
                                                 312-353-7390
                                                 quallsa@sec.gov

                                                 *Attorney for Plaintiff SEC*


DATE: November 24, 2023        */s/ Robert A. Lengeling*
                                                 Robert A. Lengeling, #304165
                                                 310 Fourth Ave S, Suite 1050
                                                 Minneapolis, Minnesota 55415
                                                 (612) 963-1555 / (612) 333-8003 fax
                                                 rob@beitolengelinglaw.com

                                                 *Attorney for Defendant Miller*

DATE: November 22, 2023

_____
Saeid Jaberian
Minneapolis, Minnesota 55305
perspolisjon1@gmail.com
(612) 251-2727
*Defendant Jabarian, Pro Se*

9

*Pro se* Defendant Rajkaran has no objection to the content of this Report, but was unable to sign it because he does not have access to a computer or printer.

DATE: November 22, 2023          Christopher Rajkaran
                                 Minneapolis, Minnesota 55415
                                 (651) 502-5682
                                 chris6x8@gmail.com

                                 *Defendant Rajkaran, Pro Se*

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that, on November 24, 2023, she filed the above document via the Court's CM/ECF NextGen system, which automatically sends a notice of the filing to all counsel of record. In addition, she emailed *pro se* Defendants a copy of the filing as follows:

Defendant Christopher Rajkaran
Chris6x8@gmail.com

Defendant Saeid Jaberian
perspolisjon1@gmail.com

    /s/ Alyssa A. Qualls
    Alyssa A. Qualls