**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | Civil No. 21-cv-1445 (DSD/ECW) |
| Plaintiff, | |
| v. | **DEFEDANT MARK MILLER'S AMENDED ANSWER TO FIRST AMENDED COMPLAINT** |
| MARK A. MILLER, | |
| Defendant. | |

_____

The Defendant, Mark Allen Miller, hereinafter "Miller," hereby provides to the best of his ability the following Answer and responses to the allegations in the Plaintiff's First Amended Complaint and alleges any affirmative defenses:

<u>Nature of the Action</u>

Miller denies paragraph 1 only to the extent he denies hijacking five of the "Issuer" companies. He admits the balance of the paragraph.

Miller denies paragraph 2 or has insufficient knowledge to either admit or deny this paragraph as alleged.

Paragraphs 3, 4, 5, and 6 are admitted.

Miller denies paragraph 7 because he has insufficient knowledge to either admit or deny this paragraph as alleged.

Miller admits his violation of 15 U.S.C. §78 j(b) consistent with his plea agreement as alleged in paragraph 8.

## Jurisdiction and Venue

Paragraphs 9, 10, and 11 are admitted.

## Defendants

Paragraph 12 is admitted.

Paragraphs 13 and 14 are admitted. However, Miller does not have current, direct knowledge of any other party's employment or place of residence.

## Related Entities

Paragraphs 15 through 22 are admitted.

## Facts

Miller denies paragraph 23 as it relates to SMEV. The balance of the paragraph is admitted.

Paragraphs 24 and 25 are denied.

Paragraphs 26 through 37 relating to DIGI are admitted. However, Miller does not have sufficient information to confirm the allegations in paragraphs 31 and 37 relating to his co-defendants' actions.

Paragraphs 38 through 60 relating to ECMH are admitted. However, Miller does not have sufficient information to confirm the allegations in paragraphs 39 and 52 relating to his co-defendants' stock sales.

Paragraphs 61 through 77 relating to BLLB are admitted. However, Miller does not have sufficient information to confirm the allegations in paragraphs 64 and 77 relating to his co-defendants' actions.

Paragraphs 78 through 89 relating to UITA are admitted. However, Miller does not have sufficient information to confirm the allegations in paragraphs 79 and 89 relating to his co-defendants' actions.

Paragraphs 90 and 91 relating to SMEV are admitted. However, Miller does not have sufficient information to confirm the allegations in paragraphs 91 relating to his co-defendants' actions.

Miller denies paragraphs 92 through 99 relating to SMEV or does not have sufficient information to either admit or deny these paragraphs.

Paragraph 100 relating to SMEV is admitted as it relates to his sale of the shares at a loss. Miller does not have sufficient information to confirm or deny the balance of the paragraph.

Miller denies paragraph 101, but admits he did provide some consulting services.

Paragraphs 102 through 104 relating to LEAS are admitted.

Miller denies paragraphs 105 through 122 relating to LEAS or has insufficient information to either admit or deny the paragraphs as alleged.

Paragraph 123 relating to LEAS is admitted.

Paragraphs 124 through 126 relating to BBDA are admitted.

Miller denies paragraphs 127 through 129 relating to BBDA or has insufficient information to either admit or deny these paragraphs as alleged.

Paragraph 130 relating to BBDA is admitted.

Miller denies paragraphs 131 through 135 or has insufficient information to either admit or deny these paragraphs as alleged.

<u>Allegation re: Ill-gotten Gains</u>

Miller denies paragraphs 136 and 137.

<u>Claims for Relief</u>

COUNT I

Miller maintains his admissions and denials relating to paragraphs 1 through 137 in response to paragraph 138.

Miller admits paragraphs 139 through 140 to the extent these paragraphs are consistent with the plea agreement in his companion criminal case. Miller denies paragraph 141 as it alleges he must be enjoined or he will again violate the enumerated statutes and rules, but he admits the violation pursuant to 15 U.S.C. §78 j(b) consistent with his plea agreement.

COUNT II

Miller maintains his admissions and denials relating to paragraphs 1 through 137 in response to paragraph 142.

Miller admits paragraphs 143 and 144 to the extent these paragraphs are consistent with the plea agreement in his companion criminal case. Miller denies paragraph 145 as it alleges he must be enjoined or he will again violate the enumerated statutes and rules.

COUNTS III and IV

Miller maintains his admissions and denials as it relates to his conduct, but takes no other position on these counts against his co-defendant.

PRAYER FOR RELIEF

I - VII

Miller denies the relief sought in these paragraphs except to the retention of equitable jurisdiction with this Court.

AFFIRMATIVE DEFENSES

Miller asserts the affirmative defense of collateral estoppel.

Respectfully submitted,

                                    Law Office of Robert A. Lengeling, PLLC

Date:___May 4, 2024_____         By _____*s/ Robert A. Lengeling*_____
                                    Robert A. Lengeling, #304165
                                    310 Fourth Ave S, Suite 1050
                                    Minneapolis, Minnesota 55415
                                    (612) 963-1555 / (612) 333-8003 fax
                                    robert@lengelinglaw.com
                                    ATTORNEYS FOR DEFENDANT