Respected Magistrate Judge Wright,

Case: 021-CV-1445-DSD- ECW

**RECEIVED**
**MAY 13 2024**
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

I was unable to secure assistance from Ms. Julie Firestone in drafting my response, but I made every effort to convey my points effectively. I apologize in advance to the court if my arguments are not presented in a strictly legal format, yet I trust they accurately convey my intentions and agreements.

Please find below selected points and agreements concerning the matters raised by the SEC in its opposition to my request.

### Exhibit 1

In regards to an email that was sent on Dec 8, 2023:

A: The SEC asserts its desire for this document to be signed and filed with the court before the production of any documents by the SEC.

B: After a telephone discussion approximately one week before Christmas, Ms. Alyssa Qualls informed me that the documents would be prepared within a few weeks. However, she indicated the need to determine the appropriate formatting. This assertion indirectly contradicts the statement provided in the background section on page 2, which indicates that from December 15, 2023, to February 22, 2024, the SEC continued to prepare its investigative file for distribution to defendants, with no defendant having submitted a request for production.

C: During our conversation, there was no mention of the requirement for the protective order to be signed to receive the documents.

### Exhibit 5

E: On February 23, 2023, the SEC transmitted an email setting a deadline for the submission of a signed protective order and providing instructions for the delivery of a hard drive to facilitate its receipt.

### Exhibit 3

D: The SEC provides contact information for all relevant parties or entities that may be contacted to furnish any required documents.
E: Declaration of Alyssa A. Qualls in support of the plaintiff SEC's opposition to the defendant Jaberian's motion to extend the pretrial schedule, specifically referring to lines 11, 12, and 13.

Page 1



ARGUMENTS:

**Exhibit 1 argument:**

The utilization of the phrase "I would like to" instead of "must" in the email presented a source of confusion for me. It is commonly understood within legal proceedings that a protective order must be signed and submitted in order to receive pertinent documents. However, lacking familiarity with legal processes, my understanding at the time was that upon completion of the documents, I would receive notification to dispatch the signed protective order for their acquisition. This clarity came only with the subsequent email on February 23, 2024. Prior to this communication, I remained uncertain about the logistics of receiving the documents.
Furthermore, during a subsequent phone conversation in December 2023, following December 8, 2023, this matter was not addressed. The SEC should acknowledge that, as a pro se litigant, I operate without legal representation, and thus do not possess the inherent understanding of legal protocols. While it is not the responsibility of the SEC to accommodate this circumstance, it would be beneficial for future interactions to consider it. Additionally, English being my second language further complicates matters.
Between December 8, 2023, and February 23, 2024, I awaited notification indicating the readiness of the file for dispatch, so I could promptly furnish the requisite signed protective order.

**Exhibit 5 argument:**

In a different scenario, one might question why the SEC chose to wait until February 23, 2024, to dispatch an email imposing a 48-hour deadline for the submission of the protective order. The SEC could have reasonably issued a reminder earlier in January 2024. Considering the SEC's presumably routine execution of such procedures, it begs the question as to why they delayed until February 23rd to furnish instructions regarding document submission.
Your Honor, I wish to underscore my non-legal background, emphasizing that my understanding at the time was that the documents were not yet prepared.
Consequently, my perception was that upon their completion, the submission of the signed protective order would be required for receipt. I had indeed signed the protective order upon its initial receipt back in December. I respectfully request verification of the date on my signed protective order.


Ultimately, what benefit would I have gained by refraining from submitting the protective order?

**Exhibit 3 argument:**

**Page 2**

The SEC furnished contact information for the involved individuals, excluding Mr. Miller and Mr. Rajkaran, only in their opposition response dated April 26, 2024, to my request. It remains uncertain whether this information was previously included in the documents provided by the SEC, which I may not have reviewed yet. Therefore, referencing these details in the opposition response as an exhibit lacks clarity.

Additionally, the agreement regarding the Declaration of Alyssa A. Qualls in support, specifically referring to lines 11, 12, and 13, is acknowledged.

The SEC noted that my criminal attorney has access to the majority of the case, which is accurate. However, it is important to clarify that I reached out to Mr. Muzzy's office over two months ago to request access to their supporting discovery documents related to my criminal case. On May 1st, I was contacted by Mr. Muzzy's office, informing me that, due to a signed protective order, they could not release the documents to me unless a motion request was submitted to the court seeking modifications to the protective order, permitting their release.

In my efforts to obtain these documents, I contacted Mr. Muzzy's office requesting the protective orders be forwarded directly to Ms. Julie Firestone to assist me in preparing the necessary request. However, as of May 11, 2024, I still have not gained access to these documents.

Therefore, for the record, it should be noted that aside from my own documents, which were acknowledged by the SEC, I possess no additional documentation. Upon review of my own documents, I have found nothing that could implicate me in this case.

In response to the SEC's assertion that I have not demonstrated evidence or commitment to utilizing my discovery period, I concur, as I have only recently received the documents. However, it is crucial to note for the record that I have informed the SEC of my intention to serve interrogatories on them. Additionally, I am in the process of preparing to depose Mr. Rajkaran. Once I have completed my review of the SEC's documents, as well as Mr. Muzzy's discovery documents, I will proceed to depose other relevant individuals.

Conclusion:

Your Honor, the progression of my discovery process has been notably slow due to the multitude of issues I must address to sustain my family's livelihood. I can only allocate a few hours per week to this matter, a circumstance for which I hold sole responsibility. This is why I initially requested a 9-month period. Furthermore, as previously stated, I

Am endeavoring to familiarize myself with the legal aspects of this process, including learning how to conduct depositions without legal representation.

In contrast, the SEC has had ample time to prepare for this case, having years to conduct research, depositions, and subpoenas involving all relevant individuals or entities, as evidenced by their comprehensive documentation. Additionally, the SEC benefits from access to experienced legal counsel and superior resources. Considering my circumstances, as previously outlined, the time remaining is insufficient, and my intent is not to prolong proceedings unnecessarily. Whether the trial date is set for April 2025 or shortly thereafter, I eagerly anticipate the opportunity to present my case to a jury composed of ordinary individuals, not legal experts.

I maintain my innocence, aside from the criminal conviction for BLLB, which the SEC repeatedly emphasizes, and the testimony of a single individual associated with the case who has benefited greatly from testifying against me. Without further evidence, the SEC's case appears unsubstantiated, with the potential for other documents to refute their claims, thereby explaining their reluctance to proceed to trial.

I contend that I have lost three months of valuable discovery time, whether due to misunderstanding or the SEC's busy schedule. Consequently, it is I who have suffered this setback, not the SEC. Therefore, I respectfully request the Court's consideration in restoring these three months to facilitate my defense effectively.

Respectfully,

Saeid Jaberian

5/13/2024

Page 4