UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Mark A. Miller, Saeid Jaberian, and Christopher J. Rajkaran,<br><br>　　　　　Defendants. | Case No. 21-cv-1445 (DSD/ECW)<br><br>**ORDER** |

　　This matter comes before the Court on Plaintiff SEC's Motion to Strike the Affirmative Defenses of Defendants Miller and Jaberian (Dkt. 73). For the reasons set forth below, the Motion to Strike is denied in part as moot and denied in part.

## I.　FACTUAL AND PROCEDURAL BACKGROUND

　　This case was initiated on June 18, 2021, when the United States Securities and Exchange Commission ("SEC" or "Commission") filed a Complaint against Defendant Mark Miller for violating Section 17(a) of the Securities Act and Section 10(b) of the Exchange Act related to an alleged "pump and dump" stock scheme. (Dkt. 1.) On November 1, 2021, an Amended Complaint was filed adding Saeid Jaberian and Christopher J. Rajkaran as Defendants to this case. (Dkt. 20.) On November 16, 2021, this case was stayed "until the conclusion of the district court proceedings in *United States v. Mark Allen Miller, et al.*, Case No. 21-cr-142 (DSD/KMM), 'conclusion' meaning either sentencing or the return by a jury of a verdict of not guilty on all counts of

the indictment, whichever is applicable." (Dkt. 29.) On November 28, 2022, Jaberian entered into a plea agreement, in which he agreed to plead guilty to Count Nine of the Indictment, which charged him with securities fraud, in violation of 15 U.S.C. §§ 87j(b) and 78ff, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2. (21-cr-00142 (DSD/ECW), Dkt. 168.)

On July 14, 2023, the SEC notified the Court that Defendants, including Jaberian and Miller, had pleaded guilty and been sentenced in the criminal matter, which automatically lifted the stay. (Dkt. 34.)

On August 31, 2023, Miller filed his initial Answer to the Amended Complaint. (Dkt. 42.) The only affirmative defense asserted was as follows: "Miller asserts the affirmative defense of collateral estoppel." (Dkt. 42 at 4.) On May 3, 2024, Miller filed his Amended Answer. (Dkt. 70.) The Amended Answer contains no additional affirmative defenses. (*Id*. at 5.) On June 10, 2024, after the present Motion to Strike was filed, Miller filed his Second Amended Answer to the Amended Complaint, which omits any affirmative defenses. (Dkt. 82.) Plaintiff has since withdrawn its Motion as to Miller (Dkt. 83). Therefore, the Motion to Strike is denied as moot with respect to Miller.

Jaberian answered the Amended Complaint on October 20, 2023. (Dkt. 47.) Jaberian is appearing pro se in this matter. Jaberian's Answer contains the following Affirmative Defenses:

1. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

    2.    All loss and damage alleged were the result of unforeseeable intervening and/or superseding causes which were beyond the control of the answering Defendant.

    3.    All alleged losses and/or damages, if any, were caused by the acts or omissions of other parties over whom Defendant had no control and for whose conduct Defendant is not liable. Defendant is entitled to an apportionment among all such persons or entities according to their responsibilities for such losses and/or damages, if any.

    4.    Plaintiff failed to join parties indispensable to a just adjudication of this case.

    5.    Collateral or Equitable Estoppel.

(Dkt. 47 at 2-3.)

The present Motion to Strike seeks to strike Jaberian's Second, Third, and Fifth Affirmative Defenses.[1] (Dkt. 77)  The Motion and supporting materials were filed on May 17, 2024, almost eight months after Jaberian's October 20, 2023 Answer.

## II.    LEGAL STANDARD

A motion to strike under Rule 12(f) is "the primary procedure for objecting to an insufficient defense." *In re RFC & ResCap Liquidating Trust Litig.*, Civ. No. 13-3451 (SRN/JJK/HB), 2015 WL 2451254, at *4 (D. Minn. May 21, 2015) (quoting 5C Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1380 at 390 (3d ed. 2004)).  Under Rule 12(f), "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).

---

[1]    The Court notes that the SEC mentioned, as part of its supporting memorandum of law, additional deficiencies in Jaberian's Answer, including, but not limited to, the First and Fourth Affirmative Defenses, but did not move to strike the affirmative defenses or any other portions of the Answer. (Dkt. 75 at 3 nn.1 & 2).  The SEC confirmed at the

A district court enjoys "liberal discretion" under this rule. *Stanbury Law Firm, P.A. v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000) (citations omitted). Notably, "striking a party's pleadings is an extreme measure," and motions to strike under Rule 12(f) "are viewed with disfavor and are infrequently granted." *Id.* (citations omitted).

Rule 12(f) provides in relevant part that:

The court may strike:

(1)   on its own; or

(2)   on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.

Fed. R Civ. 12(f).

A motion to strike should be granted "if the result is to make a trial less complicated or otherwise streamline the ultimate resolution of the action." *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 830 (D. Minn. 2010). However, "[a] motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (internal quotation marks omitted). A court may strike a defense as legally insufficient if the defense asserted is "foreclosed by prior controlling decisions or statutes." *E.E.O.C. v. Prod. Fabricators, Inc.*, 873 F. Supp. 2d 1093, 1097 (D. Minn. 2012) (quoting *Holt v. Quality Egg, LLC*, 777 F. Supp. 2d 1160, 1169 (N.D. Iowa 2011)); *see also United States v. Winnebago Tribe of Neb.*, 542 F.2d

---

hearing that it was not seeking to strike any additional affirmative defenses or other portions of the Answer. Therefore, the Court will not address these arguments.

1002, 1007 (8th Cir. 1976) (affirming the district court's decision to strike a defense as "clearly insufficient" when the defense was contrary to provisions of federal statute). Therefore, if there are no controlling decisions or statutes on point, a defense will not be stricken as legally insufficient. *See Bjornson v. Soo Line R. Co.*, No. CIV. 14-4596 JRT/SER, 2015 WL 5009349, at *3 (D. Minn. Aug. 24, 2015).

A motion to strike affirmative defenses "closely resembles a motion to dismiss in that all well plead allegations in the affirmative defense must be accepted as true and the Court must find that the defense at issue is legally insufficient." *Prod. Fabricators*, 873 F. Supp. 2d at 1097 (quoting *United States v. NHC Health Care Corp.*, No. 00-3128-CV-S-4, 2000 WL 33146581, at *1 (W.D. Mo. Dec. 29, 2000)). The Court is aware of the "split amongst district courts, both within and outside the Eighth Circuit, regarding whether the plausibility standard established in *Twombly* and *Iqbal* applies to affirmative defenses." *Summers Mfg. Co., Inc. v. Tri-Cty. AG, LLC*, 300 F. Supp. 3d 1025, 1043 (S.D. Iowa 2017) (collecting cases). Courts in this District have also split on this issue. *Compare Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1051 (D. Minn. 2010) (concluding *Twombly* and *Iqbal* do not apply to the pleading of defenses under Rules 8(b) and (c)), *with Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 925 (D. Minn. 2010) (applying *Twombly* and *Iqbal* to the pleading of affirmative defenses in the Fair Labor Standards Act context). The recent trend for courts is to apply the less-stringent notice pleading standard to affirmative defenses. *See, e.g., Summers Mfg.*, 300

F. Supp. 3d at 1043. Because neither party asserts that *Twombly* and *Iqbal* apples to this Motion, the Court need not decide this issue at this time.[2]

### III. DISCUSSION

**A. Timeliness of Motion**

As noted above, the SEC had 21 days after being served with Jaberian's Answer to the Amended Complaint to move to strike under Rule 12(f)(2), yet without any explanation waited almost eight months after Jaberian's October 20, 2023 Answer. As such, Plaintiff's Motion is untimely under the plain language of the Rule. However, the Eighth Circuit has found as follows:

> As noted by the district court, Rule 12(f) also authorizes the district court to act "upon the court's initiative at any time." Slip op. at 3-4. This grant of judicial discretion "has been interpreted to allow the [district] court to consider untimely motions to strike and to grant them if doing so seems proper.... In light of this, the time limitations in Rule 12(f) should not be applied strictly when the motion seems to have merit." 5A Charles Alan Wright & Arthur A. Miller, Federal Practice and Procedure § 1380, at 652-54 (2d ed. 1990) (footnote omitted). As discussed below, the motion to strike did have merit. For this reason, we hold the district court did not abuse its discretion in considering and granting the government's untimely motion to strike.

*United States v. Lot 65 Pine Meadow, an Addition to Barling, Sebastian Cnty., Ark., with all Appurtenances & Grounds*, 976 F.2d 1155, 1157 (8th Cir. 1992). However, in that case, the Eighth Circuit affirmed the district court's order granting a motion to strike that was filed less than one month late with respect to an answer that was filed six days late.

---

[2] The Court notes, however, that the rationale set forth in *Summers Manufacturing*, 300 F. Supp. 3d at 1043-45, and *Wells Fargo & Co.*, 750 F. Supp. 2d at 1050-52, reasoning why the *Twombly/Iqbal* standard does not apply to affirmative defenses asserted under Rules 8(b) and 8(c), is persuasive.

6

*Id*.  Here, the SEC gives no reason for waiting for almost eight months to seek relief, essentially moving for early summary judgment well after the pleading stage, with discovery ending in early September, under the guise of a motion to strike.  *See In re RFC*, 2015 WL 2451254, at *4 (noting that the purpose of Rule 12(f) is to "dispose of a wholly insufficient defense **at the pleading stage**. . . .") (emphasis added) (marks and citation omitted).  As such, the Motion to Strike is denied because it is untimely.

**B.**     **Affirmative Defenses 2 and 3**

As set forth above, Jaberian asserts the following affirmative defenses:

2. All loss and damage alleged were the result of unforeseeable intervening and/or superseding causes which were beyond the control of the answering Defendant.

3. All alleged losses and/or damages, if any, were caused by the acts or omissions of other parties over whom Defendant had no control and for whose conduct Defendant is not liable. Defendant is entitled to an apportionment among all such persons or entities according to their responsibilities for such losses and/or damages, if any.

(Dkt. 47 at 2-3.)

The SEC argues that the affirmative defenses of causation and attributable fault are inapplicable to the present action, as no damages are sought by the SEC and it does not need to prove causation under Securities Act Section 17(a) or Exchange Act Section 10(b) in order to prevail.  (Dkt. 75 at 9-10.)

However, as part of its request for relief, the SEC not only seeks disgorgement of ill-gotten gain, but also seeks civil penalties against Defendants, asking the Court to: "Enter an Order requiring the Defendants to pay civil penalties pursuant to Section 20(d)

7

of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3)." (Dkt. 20 at 32.)

The factors considered with respect to the amount and appropriateness of civil penalties include the following:

> To determine whether a civil penalty is appropriate, courts look to a number of factors, including: "(1) the egregiousness of the defendant's conduct; (2) **the degree of the defendant's scienter; (3) whether the defendant's conduct created substantial losses or the risk of substantial losses to other persons**; (4) whether the defendant's conduct was isolated or recurring; and (5) whether the penalty should be reduced due to the defendant's demonstrated current and future financial condition." *Securities and Exchange Commission v. Opulentica,* 479 F. Supp. 2d 319, 331 (S.D.N.Y. 2007). Courts have also considered whether the defendant has cooperated with authorities. *SEC v. Church Extension of the Church of God, Inc.,* 429 F. Supp. 2d 1045, 1050 (S.D. Ind. 2005); *SEC v. Sargent,* 329 F.3d 34, 42 (1st Cir. 2003). "While these factors are helpful in characterizing a particular defendant's actions, the civil penalty framework is of a 'discretionary nature' **and each case 'has its own particular facts and circumstances which determine the appropriate penalty to be imposed**.'" *Opulentica,* 479 F. Supp. 2d at 331 (quoting *SEC v. Moran,* 944 F. Supp. 286, 296-97 (S.D.N.Y. 1996)).

*U.S. S.E.C. v. Brown*, 643 F. Supp. 2d 1088, 1092 (D. Minn. 2009), *aff'd sub nom. S.E.C. v. Brown*, 658 F.3d 858 (8th Cir. 2011) (emphasis added). The court in *Brown* took into consideration the defendants' scienter and that "Defendants' conduct caused substantial losses or the risk of substantial losses to the investors. The Court found that they misappropriated $877.236.16." *Id.* at 1093.

Even assuming that the SEC need not prove "investor reliance, loss causation, or damages in an action under Section 10(b) of the Exchange Act, Rule 10b–5, or Section 17(a) of the Securities Act," see *S.E.C. v. Credit Bancorp, Ltd.*, 195 F. Supp. 2d 475,

8

490-91 (S.D.N.Y. 2002)), given Plaintiff's pro se status, the fact that motions to strike are disfavored, and the fact that causation may be considered with respect to civil penalties sought by Plaintiff, the Court will not strike the affirmative defenses at this time. It will be for U.S. District Judge David S. Doty to decide what, if any, weight to give the issue of causation in this regard. *See Sec. & Exch. Comm'n v. Wu*, No. 11-CV-04988-JSW, 2017 WL 11518453, at *5 (N.D. Cal. Sept. 20, 2017) (finding that "questions about causation and loss—issues that are relevant only for the purpose of deciding whether to impose third tier penalties").

Given that causation presents a question of law or fact which the Court ought to hear at least as to civil penalties sought by Plaintiff, the Court denies the Motion to Strike on this additional basis as to Affirmative Defenses 2 & 3.

**C.     Affirmative Defense 5—Collateral or Equitable Estoppel**

    **1.     Collateral Estoppel**

The SEC argues that because Jaberian has already admitted under oath, with the advice of counsel, that he engaged in securities fraud, it "is perplexed" as to how Jaberian intends to rely on those criminal convictions as affirmative defenses in this case under the doctrine of collateral estoppel. (Dkt. 75 at 12.)

"Under the doctrine of collateral estoppel, also called issue preclusion, '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.'"

9

*Turner v. U.S. Dep't of Just.*, 815 F.3d 1108, 1111 (8th Cir. 2016) (quoting Restatement (Second) of Judgments § 27 (Am. L. Inst. 1982)).

> Collateral estoppel consists of five elements:
>
> (1) the party sought to be precluded in the second suit was a party ... in the prior suit; (2) the issue sought to be precluded is the same as the issue involved in the prior action; (3) the issue was "actually litigated" in the prior action; (4) the issue was determined by a valid and final judgment; and (5) the determination in the prior action was "essential to the judgment."

*Turner*, 815 F.3d at 1111 (quoting *Morse v Comm'r*, 419 F.3d 829, 834 (8th Cir. 2005)).

The SEC has represented that it intends to file a motion for summary judgment using the convictions (based on a guilty plea) in what appears to be the form of offensive collateral estoppel. (Dkt. 75 at 12-13.) At the hearing, counsel for the SEC confirmed, without conceding any counterarguments, that Jaberian could try to argue that the amount of the forfeiture in the plea agreement based on one stock should govern. Regardless of whether the uncertainty as to how Jaberian could use the plea agreement and convictions as part of a collateral estoppel defense, the Court cannot say as this stage of the case that any attempt to do so would be legally insufficient so as to warrant striking the affirmative defense, especially where the SEC is attempting the use the plea agreement and conviction in support of its case.

### 2. Equitable Estoppel

The SEC seeks to strike the affirmative defense of equitable estoppel. But the SEC admits that while equitable estoppel is not generally available against the government, it is not entirely precluded as a defense. (Dkt. 75 at 14.) Equitable estoppel

is applicable against the government only if the party asserting it shows that the government agency engaged in "affirmative misconduct" in addition to the traditional elements of estoppel. *See Immigration & Naturalization Serv. v. Miranda*, 459 U.S. 14, 17 (1982); *McDermott v. United States*, 760 F.2d 879, 882 (8th Cir. 1985). The Eighth Circuit has found that courts should be cautious when evaluating estoppel claims against the government. *See Bartlett v. U.S. Dept. of Agric.*, 716 F.3d 464, 475 (8th Cir. 2013) (citation omitted). "The claimant bears the 'heavy burden' of establishing that the government engaged in affirmative misconduct." *Id.* (quoting *Morgan v. Comm'r*, 345 F.3d 563, 566 (8th Cir. 2003)). If affirmative misconduct is shown, then the party must prove the following elements of estoppel:

> (1) a false representation by the government; (2) government intent to induce the claimant to act on the misrepresentation; (3) a lack of knowledge or inability to obtain true facts on the part of the claimant; and (4) the claimant's reliance on the misrepresentation to his detriment.

*Id.* at 475-76 (marks and citation omitted).

As one court has found:

> While [defendants] have a heavy burden to meet, estoppel is a recognized defense that has been adequately pleaded and is not foreclosed by prior controlling decisions or statutes. [Defendants] should have an opportunity to engage in discovery to determine if they can meet the elements of estoppel and show affirmative misconduct on the part of the government. Thus, the motion to strike the defense of estoppel is denied.

*United States v. Ringling*, No. 17-CV-4006 (KES), 2017 WL 3738477, at *2 (D.S.D. Aug. 30, 2017); *see also United States Sec. & Exch. Comm'n v. Carebourn Cap., L.P.*, No. 21-CV-2114 (KMM/JFD), 2022 WL 1090825, at *3 (D. Minn. Apr. 12, 2022) ("While these cases reveal that a government entity's claims may only be estopped in

11

very rare circumstances, they undermine the suggestion that the defense is unavailable as a matter of law. Accordingly, the SEC's motion to strike the estoppel defense is denied.") Moreover, to the extent that it is the SEC's position that there are no facts alleged in support of an equitable estoppel affirmative defense, the affirmative defense "should not be stricken based on an absence of specific factual allegations supporting each defense." *Hollie v. Essentia Health Moose Lake*, No. 22-CV-314 (KMM/LIB), 2022 WL 17076751, at *3 (D. Minn. Nov. 18, 2022).

While Jaberian may face a high hurdle in succeeding on this defense, the Court will not deprive him at this stage of his right to develop facts and arguments as to why this defense is viable at a later stage in litigation. *See Sec. & Exch. Comm'n v. Swaffer*, No. 1:22-CV-1554, 2023 WL 6845479, at *3 (N.D. Ohio Oct. 16, 2023). Therefore, the Motion to Strike as to equitable estoppel is denied on this additional basis.

## ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

Plaintiff SEC's Motion to Strike the Affirmative Defenses of Defendants Miller and Jaberian (Dkt. 73) is **DENIED** as moot as to Defendant Mark Miller and **DENIED** as to Defendant Saeid Jaberian.

Date:  July 29, 2024                              *s/Elizabeth Cowan Wright*
                                                                ELIZABETH COWAN WRIGHT
                                                                United States Magistrate Judge