UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States Securities and Exchange Commission,<br><br>Plaintiff,<br><br>v.<br><br>Mark A. Miller, Saeid Jaberian, and Christopher J. Rajkaran,<br><br>Defendants. | Case No. 21-cv-1445 (DSD/ECW)<br><br>**ORDER** |

This matter comes before the Court on "Defendant Saeid Jaberian's Motion to Request to Rec[e]ive Discovery Documents from Mr. Bill Muzzy" (Dkt. 85).

Jaberian seeks the following relief from the Court:

> It is essential to my discovery process that I could have access to discovery documents which were discovered during my criminal case by Mr. .Bill [sic] muzzy [sic] office. I was told by Mr. Muzzy office due to the signed protective order it prevents their office to release the documents. Therefore I am respectfully requesting the court orders Mr. Bill Muzzy [sic] office to release all the discovery documents which were discovered during my criminal case to me.

(Dkt. 85.)

On November 16, 2021, this case was stayed "until the conclusion of the district court proceedings in *United States v. Mark Allen Miller, et al.*, Case No. 21-cr-142 (DSD/KMM)."  (Dkt. 29.)  On November 28, 2022, Jaberian entered into a plea agreement, in which he agreed to plead guilty to Count Nine of the Indictment, which charged him with securities fraud, in violation of 15 U.S.C. §§ 87j(b) and 78ff, Code of

Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2. (21-cr-00142 (DSD/ECW), Dkt. 168.)  The Pretrial Scheduling Order requires the parties to "commence fact discovery procedures in time to be completed on or before **September 3, 2024**."  (Dkt. 53 at 3.)

Attorney William J. Mauzy represented Jaberian during the criminal proceeding. (*See* 21-cr-00142 (DSD/ECW), Dkt. 21.)  Attorney Mauzy is not a party to this civil proceeding.

Rule 45 of the Federal Rules of Civil Procedure governs obtaining discovery from non-parties in civil proceedings.  Rule 45 provides in relevant part that non-parties may be commanded to "produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a). Such a request must be made through a subpoena.  (*Id.*)  There is nothing in the record suggesting that Jaberian, proceeding pro se in this matter,[1] has requested a subpoena from the Clerk's Office as required under Rule 45(a)(3) in order to seek his criminal case file

---

[1]  Jaberian is again advised that, regardless of his pro se status, he must comply with the Local Rules for the District of Minnesota, the Federal Rules of Civil Procedure (including Rule 45), and the Court's Orders.  *See, e.g.*, *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); *Bennett v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (pro se status does not entitle litigant to disregard Federal Rules of Civil Procedure or court's local rules); *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984) ("[P]ro se litigants are not excused from failing to comply with substantive and procedural law.").  Resources for pro se litigants such as Jaberian are available on the District of Minnesota website, including links to the District of Minnesota Local Rules and the Federal Rules of Civil Procedure and Evidence, at https://www.mnd.uscourts.gov/representing-yourself. Jaberian is also directed to the Pro Se Civil Guidebook and Information Sheets, available at https://www.mnd.uscourts.gov/pro-se-civil-guidebook-and-information-sheets.

from Attorney Mauzy. Therefore, Jaberian's Motion is denied. This denial is without prejudice to his ability to seek an order to compel from this Court should he serve a subpoena on Attorney Mauzy and should Attorney Mauzy decline to produce documents requested pursuant to a subpoena.[2]

**ORDER**

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT:**

Defendant Saeid Jaberian's Motion to Request to Rec[e]ive Discovery Documents from Mr. Bill Muzzy (Dkt. 85) is **DENIED**.

Date:  August 5, 2024

*s/Elizabeth Cowan Wright*
ELIZABETH COWAN WRIGHT
United States Magistrate Judge

---

[2]  The Court does not render any opinion at this time as to whether Attorney Mauzy is required to produce any documents via subpoena, nor does it preclude Attorney Mauzy from raising appropriate objections to a subpoena. The Court also notes that Jaberian may need to seek an amendment of the protective order in the underlying criminal case in order to use some of the evidence from that proceeding. *See* Fed. R. Crim. P. 16(d); *see also United States v. Dornsbach*, No. 22-CR-00048, 2024 WL 1715409, at *5 (D. Minn. Apr. 22, 2024) ("The court has the discretion to modify a protective order.") (marks and citation omitted).