UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>     Plaintiff,<br><br> v.<br><br>MARK A. MILLER, SAEID JABERIAN, and CHRISTOPHER J. RAJKARAN,<br><br>     Defendants. | Case No. 21-CV-01445 (DSD/ECW) |

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR REMEDIES AND FINAL JUDGMENT AGAINST DEFENDANT MARK A. MILLER**

  Miller has not challenged the SEC's disgorgement calculation. Rather, Miller argues that he should not be ordered to disgorge his ill-gotten gains because he does not have the ability to pay disgorgement and because his criminal restitution order and sentence of imprisonment provide sufficient deterrence. None of these arguments justify lowering the undisputed disgorgement amount, which represents Miller's ill-gotten gains from his hijacking and pump-and-dump scheme and does not include the amount Miller was ordered to forfeit.

## ARGUMENT

  Section 21(d) of the Exchange Act authorizes courts to order disgorgement "of any unjust enrichment by the person who received such unjust enrichment as a result of such violation" in any SEC enforcement action. 15 U.S.C. §§ 78u(d)(3)(A), 78u(d)(7).

"'Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable.'" *SEC v. Markusen*, 143 F. Supp. 3d 877, 893 (D. Minn. 2015) (citing *SEC v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010)). The amount of disgorgement should include a "reasonable approximation" of a defendant's net unlawful profits flowing from his illegal activities." *Id*. Courts frequently award disgorgement even where a defendant lacks the ability to pay the award. *See, e.g.*, *SEC v. Arias*, 12-CV-2937 (RPK) (SIL), 2023 WL 1861641, at *4 (E.D.N.Y. Feb. 9, 2023) (ordering disgorgement post-*Liu v. SEC*, 591 U.S. 71 (2020), despite uncertainty as to defendant's ability to pay); *SEC v. Westport Cap. Mkts., LLC*, 547 F. Supp. 3d 157, 174 (D. Conn. 2021) (same).

Here, the SEC has submitted **undisputed** evidence that Miller received $126,007 in illegal trading profits or gains from his hijacking and pump-and-dump scheme, including amounts Jaberian paid to Miller pursuant to their Profit Sharing Agreement. (*See* Dkt. No. 118, Sweeney Decl., ¶¶ 6-11 and Exs. A-C.) This figure was calculated by reviewing Miller's brokerage statements and bank records, and Miller does not challenge it. (*Id*.; Miller Resp. at 1-2.)

While $126,007 in trading profits is higher than the $38,292 that Miller was ordered to forfeit in his parallel criminal action, the SEC's allegations are broader. The SEC's Amended Complaint alleges securities fraud involving five Hijacked Issuers (DIGI, ECHM, BLLB, UITA, and SMEV) and two Pumped Issuers (LEAS and BBDA), whereas Miller's criminal conspiracy conviction involved only four issuers (DIGI, ECHM, BLLB, and UITA). (*Compare* Dkt. No. 20, Am. Compl. ¶¶ 26-137, *with United*

*States v. Miller, Rajkaran*, *and Jaberian,* Case No. 0:21-cr-00142-DSD-ECW (D. Minn.), Dkt. No. 1, ¶¶ 2-43.) Miller has agreed that this Court should accept as true all of the factual allegations in the Amended Complaint in connection with this remedies motion. (Dkt. Nos. 96, Ex. 1 ¶ 4; 99 § V.) In any event, the SEC has agreed to **deduct** the full amount of Miller's criminal restitution order ($38,292) from his $126,007 in trading profits, resulting in an amount of requested disgorgement of $87,715 in this case (plus prejudgment interest). (Sweeney Decl. ¶ 14.) Under these circumstances, the SEC has satisfied its burden of establishing a reasonable approximation of Miller's ill-gotten gains.

Miller's ability to pay is not a factor in determining the appropriate disgorgement amount. *See Arias*, 2023 WL 1861641, at *4. While a defendant's current and future financial condition is a factor that a court may consider in determining a civil penalty, *see SEC v. Brown*, 658 F.3d 858, 860-61 (8th Cir. 2011), the SEC has not sought a penalty here. However, even if Miller's financial condition were to justify a lower disgorgement amount, Miller has not established that he is entitled to it. Miller has submitted no evidence whatsoever in support of his claims of poverty. Indeed, Miller concedes that he could "liquidate property that was not involved in his penny stock scheme to satisfy a judgment" in this case. (Miller Resp. at 3.) But the fact that Miller has apparently already spent all of his illicit proceeds should not allow him to avoid his disgorgement obligation.[1]

---

[1] Miller's reliance on *WWE, Inc. v. AWA Wrestling Entertainment, Inc.*, No. 07-cv-2058-ADM-

Miller's argument that the SEC's disgorgement request is somehow punitive, and that Miller's criminal forfeiture award and sentence of incarceration provide adequate deterrence for his conduct, is unpersuasive. (Miller Resp. at 3-4.) Miller's sentence of imprisonment is irrelevant to the Court's disgorgement calculation, which only concerns the net profits he actually received from his illegal activities. Moreover, as the SEC has already agreed to forego its claim for civil penalties in light of Miller's incarceration, Miller is not being punished twice. While disgorgement also provides deterrence to wrongdoers, the SEC submits that Miller's illegal profits from trading four stocks, as reflected in his criminal forfeiture award, will not adequately deter him if he is allowed to retain profits from committing this broader securities fraud scheme involving ***three additional stocks*** that were not part of his criminal conspiracy conviction.

Accordingly, based on the uncontroverted evidence, this Court should conclude that $126,007 is a "reasonable approximation" of Miller's unjust enrichment from this securities fraud scheme, plus prejudgment interest of $9,536,[2] less the $38,292 he was ordered to forfeit in the parallel criminal action, for a total of $97,251.

---

KMM, 2019 WL2393062 (D. Minn. April 12, 2019), is inapt. There, in the civil contempt context, the court considered whether to impose a fine equal to the defendant's profits from violating an injunction by using the plaintiff's trademarks. *Id*. at *3-4. While the court did consider the defendant's ability to pay in determining whether to order the fine, a form of penalty, the analysis is not relevant to a disgorgement calculation in a SEC enforcement action brought in the public interest to enforce securities laws and prevent violators from keeping their ill-gotten gains.

[2] Miller does not challenge the SEC's entitlement to prejudgment of interest or its calculation. (Miller Resp. at 1-2.)

4

## **CONCLUSION**

For all of the foregoing reasons, Plaintiff SEC respectfully requests that the Court enter a Final Judgment against Defendant Mark A. Miller, in the form that the SEC previously provided to the Court, and pay disgorgement, plus prejudgment interest, in the amount of $97,251.

Dated: January 27, 2025                    */s/ Alyssa A. Qualls*
                                           Alyssa A. Qualls (QuallsA@sec.gov)
                                           Robert M. Moye (MoyeR@sec.gov)
                                           U.S. Securities and Exchange Commission
                                           Chicago Regional Office
                                           175 West Jackson Blvd., Suite 1450
                                           Chicago, Illinois 60604
                                           Phone: (312) 353-7390
                                           *Attorneys for the Plaintiff United States*
                                           *Securities and Exchange Commission*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2027, I served the Plaintiff's Reply in Support of Its Motion for Remedies and Final Judgment against Defendant Mark A. Miller upon the following individuals as indicated below:

**Mark A. Miller**

Robert A. Lengeling
310 Fourth Ave S, Suite 1050
Minneapolis, Minnesota 55415
(612) 963-1555
rob@beitolengelinglaw.com
***Via ECF***

*Attorney for Defendant Miller*

**SAEID JABERIAN**
Minneapolis, Minnesota 55305
perspolisjon1@gmail.com
(612) 251-2727
***Via Email***

*Pro Se*

**Christopher J. Rajkaran**
Cooperstown, New York 13326
chris6x8@gmail.com
***Via Email***

*Pro Se*

                           */s/ Alyssa A. Qualls*
                            Alyssa A. Qualls