# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| United States Securities and Exchange Commission, | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | |
| v. | Case Number: 21-cv-1445 DSD/ECW |
| Mark A. Miller. Saeid Jaberian, Christopher J. Rajkaran, | |
| Defendant(s), | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

2. As provided in Federal Rule of Civil Procedure 65(d)(2),the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant or with anyone described in (a);

3. Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;
(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

4. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise:
(a) Defendant's officers, agents, servants, employees, and attorneys; and

(b) other persons in active concert or participation with defendant or with anyone described in (a);

5. Pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)]], defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)];

6. Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. 240.3a51-1];

7. Defendant is liable for disgorgement of $126,007, representing net profits gained as a result of the conduct alleged in the amended complaint, together with prejudgment interest thereon in the amount of $9,536, with $38,292 of the disgorgement obligation deemed satisfied by defendant's consent to the entry of a money judgment forfeiture order in United States v. Miller, Case No. 0:21-cr-142-DSD-ECW (D. Minn.). The court finds that sending the disgorged funds to the United States Treasury, as ordered below, is consistent with equitable principles. Based upon the prison sentence imposed in United States v. Miller, the SEC has determined to withdraw its claims for a civil monetary penalty against defendant. Defendant shall satisfy this obligation by paying $97,251 to the SEC within 30 days after entry of this Final Judgment;

8. Defendant may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via

Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the SEC, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Mark A. Miller as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment;

9. Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to defendant. The SEC shall send the funds paid pursuant to this Final Judgment to the United States Treasury;

10. The SEC may enforce the court's judgment for disgorgement and prejudgment interest by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this Final Judgment;

11. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961;

12. For purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, the allegations in the Amended Complaint are true and admitted by defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for

the violation by defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. § 523(a)(19);

13. The court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment; and

14. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk is ordered to enter this Final Judgment forthwith and without further notice.

Date: 2/12/2025                                              KATE M. FOGARTY, CLERK