# EXHIBIT 5

```
 1                  UNITED STATES DISTRICT COURT
                       DISTRICT OF MINNESOTA
 2
    -----------------------------------------------------------------
 3                                     )
        United States of America,      )  File No. 21-cr-142(3)
 4                                     )          (DSD/ECW)
              Plaintiff,               )
 5                                     )
        vs.                            )
 6                                     )  Courtroom 14W
        Saeid Jaberian, also known as  )  Minneapolis, Minnesota
 7      Andre Jaberian,                )  May 10, 2023
                                       )  11:03 a.m.
 8            Defendant.               )
    -----------------------------------------------------------------
 9
                  BEFORE THE HONORABLE DAVID S. DOTY
10            UNITED STATES DISTRICT COURT SENIOR JUDGE
                             SENTENCING
11

12      APPEARANCES:
        For the Plaintiff:         UNITED STATES ATTORNEY'S OFFICE
13                                 By: Melinda Williams, Esq.
                                   300 South Fourth Street, #600
14                                 Minneapolis, Minnesota 55415

15      For the Defendant:         MAUZY LAW OFFICE, P.A.
                                   By:  William J. Mauzy, Esq.
16                                 and William R. Dooling, Esq.
                                   650 Third Avenue South, #260
17                                 Minneapolis, Minnesota 55402
        Court Reporter:
18                                 BRITTANY K. BLESENER, RPR
                                   United States Courthouse
19                                 300 South Fourth Street
                                   Minneapolis, Minnesota 55415
20

21

22
           Proceedings reported by certified stenographer; transcript
23      produced with computer.

24                              *   *   *   *

25
```

```
 1                      P R O C E E D I N G S
 2       (In open court.)
 3              THE COURT:  This morning we have on our docket the
 4   matter of the United States of America vs. Saeid Jaberian, and
 5   may I have appearances, please.
 6              MS. WILLIAMS:  Good morning, Your Honor, Melinda
 7   Williams for the United States.  I'm standing in for AUSA Joe
 8   Thompson.
 9              THE COURT:  Good morning.
10              MS. WILLIAMS:  Thank you.
11              MR. MAUZY:  Good morning, Your Honor.  Bill Mauzy
12   representing the defendant, Saeid Jaberian, and I'm here with
13   Will Dooling, my associate, Your Honor.
14              THE COURT:  All right.  Thank you.  And why don't
15   you -- Mr. Jaberian, why don't you come on up with Mr. Mauzy.
16              This has been set as a sentencing.  And Mr. Mauzy, I
17   know that you've read the presentence report.  I've read your
18   materials.  Anything more you'd like to say about the report or
19   Mr. Jaberian at this point?
20              MR. MAUZY:  The only remaining question, Your Honor,
21   relating to the presentence report was the reference to
22   relevant conduct, namely alleged participation in a company
23   called Utilicraft.  The PSR acknowledges that, including that
24   it has no impact on his overall guidelines.  We did, however,
25   enter a stipulation with the Government in the plea agreement
```

```
 1  that there would be no other relevant conduct considered, so I
 2  would ask the Court not to consider any relevant conduct in
 3  sentencing.
 4          THE COURT:  As you know, when I'm dealing with --
 5  when we have a stipulation between the Government and counsel
 6  for a defendant, I usually follow that stipulation.
 7          MR. MAUZY:  Yes, Your Honor.  Thank you.
 8          THE COURT:  Unless I see something wrong with it, and
 9  I don't in this case, so I'm going to follow it.
10          MR. MAUZY:  Thank you, Judge.
11          THE COURT:  Anything else you'd like to say on behalf
12  of Mr. Jaberian?
13          MR. MAUZY:  You know, I would, Your Honor.
14          THE COURT:  Go ahead.
15          MR. MAUZY:  Mr. Jaberian is a 61-year-old man, a
16  husband, father of two children, Iranian immigrant, escaped the
17  revolution in 1978, barely escaping.  He is a very proud
18  American citizen.  He set up a real estate company that was
19  successful for a period of time, got into also buying
20  foreclosed homes and renovating them, and there he met an
21  individual by the name of Mark Miller, who introduced him to
22  over-the-counter stock trading and, sadly, the scam that
23  Mr. Jaberian participated in.  Although he wasn't a full
24  participant, he knew what he was doing was wrong and was
25  willfully blind to the full extent of the participation by the
```

1  others in the scam.
2             As the Government points out, his involvement was not
3  only minor, it lasted about a two-week period of time.  He's a
4  61-year-old who, with the exception of those two weeks, has led
5  a law abiding life.  I think that says a lot for Mr. Jaberian.
6             The amount of the fraud was $67,000.  We have an
7  agreement with the Government that the Government would
8  recommend probation of two years and no confinement, and I
9  would ask the Court to follow that recommendation.
10            The Government and the defense spent an enormous
11 amount of time discussing the discovery, arriving at agreement
12 short of trial.  There were issues at trial on both sides.
13 This was a fair negotiation, and I ask the Court to sentence
14 him to two years probation and no confinement whatsoever.
15            Thank you, Your Honor.
16            THE COURT:  Thank you.  Mr. Jaberian, you get an
17 opportunity now to address the Court, if you wish.  Anything
18 you'd like to say is fine.  We usually aim people at talking
19 about the underlying offense, or mitigation as we call it, but
20 whatever you want to say is good.  Go ahead.
21            THE DEFENDANT:  I appreciate it, Your Honor. Well,
22 all I can say is I'm really sorry.  You know, I made a poor
23 judgment in -- I just made a really poor judgment.  And me and
24 my family have been affected really badly since the whole thing
25 has started.  I really do apologize for my mistake, and it will

```
 1   never, ever happen again.
 2              THE COURT:  Anything else?
 3              THE DEFENDANT:  No, sir.  Thank you.
 4              THE COURT:  Ms. Williams, on behalf of the
 5   Government?
 6              MS. WILLIAMS:  Your Honor, just very briefly.  I
 7   would echo most of the things that defense counsel said.
 8   Mr. Jaberian did, indeed, make a terrible mistake of judgment.
 9   In our judgment, it is not one that is likely to repeat.  He
10   was the lowest of the offenders in this case, and we believe
11   that a sentence of two years of probation is appropriate in
12   this case.
13              THE COURT:  All right.  Thank you.
14              Well, in a case like this, of course, I must make
15   some findings of fact, as you know.
16              Defendant objects to a reference in the PSR regarding
17   a company called Utilicraft, Inc., because he was not involved
18   in trading relating to that company, but the references to
19   Utilicraft provide context for the larger offense at issue, and
20   in any event, do not effect the guideline calculation.  And as
21   a result, the Court adopts the factual statements contained in
22   the presentence investigation report as its findings of fact.
23              There are no questions regarding the application of
24   the guidelines to the facts; accordingly, the Court determines
25   that the applicable guidelines are as follows:  Total offense
```

1  level of 8, with a criminal history category of 1, might lead
2  to an imprisonment range of zero to six months, supervised
3  release of one to three years, a fine range of 2,000 to $5,000,
4  and a special assessment of $100.
5           The statutes under which the defendant has been
6  convicted sets a maximum term of imprisonment of 20 years, a
7  maximum period of supervised release of three years, and a
8  maximum fine of $5 million.
9           Mr. Jaberian, you have been charged with securities
10 fraud in violation of 15, United States Code, Section 78j(b),
11 77ff [sic]; 17, United States Code [sic], Section 240.10b-5;
12 and 18, United States Code, Section 2.  That's a Class C
13 felony, and based on your plea of guilty to the charge, it is
14 considered and adjudged that you are guilty of that offense.
15          And therefore, you are sentenced to a term of two
16 years of probation under the following conditions:  First, you
17 shall not commit any crimes:  Federal, state, or local.
18          Third [sic], mandatory drug testing will be
19 suspended, based on the Court's determination that you pose a
20 low or no risk of substance abuse.
21          Third, you shall not possess a firearm, ammunition,
22 destructive device, or any other dangerous weapon.
23          And, fourth, you shall cooperate in the collection of
24 DNA as directed by the probation officer.
25          You shall also abide by the standard conditions of

1    supervision that have been adopted by this Court, including the
2    following special conditions:  Number one, you shall submit
3    your person, residence, office, vehicle, or an area under your
4    control to a search conducted by the United States Probation
5    Officer or a supervised designee at a reasonable time and in a
6    reasonable manner, based on a reasonable suspicion of
7    contraband or evidence of a supervision violation.  You shall
8    warn any other residents or third parties that the premises and
9    areas under your control may be subject to searches pursuant to
10   this condition.
11            Second, you shall provide the probation officer
12   access to any requested financial information, including credit
13   reports, credit card bills, bank statements and telephone
14   bills.
15            Third, you shall be prohibited from incurring new
16   credit charges or opening additional lines of credit without
17   approval of the probation officer.
18            Fourth, you will cooperate with the probation officer
19   in the investigation and approval of any position of
20   self-employment, including any independent entrepreneurial or
21   freelance employment or business activity.  If approved for
22   self-employment, you will provide the probation officer with
23   full disclosure of self-employment and other business records,
24   including but not limited to all the records identified in the
25   probation form 48F, that is, a Request for Self-Employment

1  Records, or as otherwise requested by the probation officer.
2          Fifth, you are prohibited from soliciting funds from
3  investors or having others solicit investment funds on your
4  behalf, whether the funds are being used for your personal
5  benefit or for the benefit of companies which you own, operate,
6  control, or are involved in in any manner.  This includes any
7  type of investment, whether in the form of equity or debt
8  fundraising.
9          Further, it is hereby ordered that pursuant to 18,
10 United States Code, Section 3013, you shall pay to the United
11 States a special assessment of $100, which is due immediately.
12         Now, the Court finds that the sentence imposed is
13 appropriate and reasonable in light of the consideration set
14 forth in 18, United States Code, Section 3553(a).  The Court
15 has taken into account the nature and circumstances of the
16 instant offense, as well as the history and characteristics of
17 the defendant, and finds that this sentence imposed is
18 sufficient but not greater than necessary to afford adequate
19 deterrence to future criminal conduct.
20         No fine will be imposed because of the defendant's
21 inability to pay a fine.
22         The Court now accepts the plea agreement in this case
23 because it is satisfied that the agreement adequately reflects
24 the seriousness of defendant's offense behavior, and that
25 accepting the plea agreement will not undermine the statutory

```
 1  purposes of sentencing.
 2           Now, Mr. Jaberian, you have waived the right to
 3  appeal a sentence that does not include imprisonment.  I think
 4  I just gave you that sentence, but just in case you -- you talk
 5  to your counsel, Mr. Mauzy, and determine whether you want to
 6  make an appeal.  If you do wish to appeal, I should tell you,
 7  you must have a notice of appeal filed within 14 days of today,
 8  very short time period, in order to maintain that appeal.  If
 9  you don't, you waive the appeal.
10           If you qualify and you do appeal, you also have a
11  right to have the Government pay for a lawyer and the cost of
12  an appeal.  Do you understand those rights?
13           THE DEFENDANT:  Yes, sir.
14           THE COURT:  Okay.  The Government has to move to
15  dismiss a number of counts:  1, 7 through 8, and 10 through 15.
16           MS. WILLIAMS:  Your Honor, we make the motion to
17  dismiss those counts at this time.
18           THE COURT:  Without any opposition, the Court grants
19  that motion.
20           Is there anything further that should come before the
21  Court?
22           MR. MAUZY:  No, Your Honor.
23           MS. WILLIAMS:  No, Your Honor.
24           THE COURT:  Well, with that, the Court will stand in
25  recess.  Thank you.
```

1          MR. MAUZY:  Thank you, Your Honor.

2          THE CLERK:  All rise.

3     *(WHEREUPON, the proceedings were adjourned at 11:15 a.m.)*

4

5                        *    *    *

6     I, Brittany K. Blesener, certify that the foregoing is a

7  correct transcript from the record of proceedings in the

8  above-entitled matter.

9               Certified by:  *s/ Brittany K. Blesener*
                              Brittany K. Blesener, RPR

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25