UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

RECEIVED
MAR 2 1 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

United States Securities and Exchange Commission,

        Plaintiff,

v.

Mark A. Miller, Saeid Jaberian, and Christopher J. Rajkaran,

        Defendants.

Case No.: 21-cv-1445 (DSD/ECW)

# DECLARATION OF SAEID JABERIAN IN SUPPORT OF HIS OPPOSITION TO SEC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Saeid Jaberian, declare as follows:

1. I am the Defendant in this matter representing myself *pro se*.

2. I am submitting this Declaration in support of my Memorandum in Opposition to the SEC's Motion for Partial Summary Judgment.

3. Attached hereto as **Exhibit A** is a true and correct copy of relevant excerpts from the deposition transcript of Mark Miller.

4. Attached as **Exhibit B** is a true and correct copy of a written statement I received from J. Scott Webber, who I understand was a victim of Mark Miller's scheme and was the whistleblower to FINRA. Mr. Webber also opposes the SEC's Motion. I understand from Mr. Webber that he also provided this information to the SEC.

1


SCANNED MAR 2 4 2025 U.S. DISTRICT COURT MPLS

5. Attached as **Exhibit C** is a true and correct copy of a note that Mark Miller gave me instructing me not to cooperate with the SEC after I received a Subpoena. However, I ignored Mr. Miller's instruction and cooperated fully with the SEC and provided all responsive documents to the SEC in response to the Subpoena.

6. My family's business, Salmbour DAM, was established over 40 years ago by my father, who served as its CEO. Our operations focused on preparing salmbour and exporting it to Italy. I am the third generation involved in our family enterprise—my grandfather originally entered the salmbour business. I grew up immersed in the industry, assisting my father in various aspects of its operations. At one time, I was sent to Italy (specifically Prugia) to learn Italian and help open our second branch in Salarno, Italy.

7. This is the business I grew up with, and even today, I remain capable of importing and exporting any product into the U.S. or out of U.S, provided the necessary funds are available and the economic conditions make sense.

8. Mark Miller appointed me CEO of BLLB in the same manner he placed others in companies that he subsequently hijacked.

9. At the time of my appointment, I possessed no knowledge of OTC markets or EDGAR procedures. I relied entirely on Mark Miller's guidance, trusting his expertise and integrity.

10. After I provided Mark Miller with a basic description of my family's business operations, he and Jason Black altered a press release. Although I did benefit from purchasing shares on the open market—and other investors profited as well—these market

2

activities were conducted solely on Miller's instructions and not as a result of any fraudulent or illicit conduct on my part.

11. Furthermore, Mark Miller advised others to purchase BLLB and the other stocks in question. Although the SEC is aware of these instructions, for whatever reason, it has chosen not to treat them as an issue.

12. In his September 19 deposition, at page 93, Mark Miller testified that I did not know any company was being hijacked by him. When he was asked, he quoted, "I Don't Recall EVER DISCUSSING WITH HIM [Saeid Jaberian] THAT I WAS HIGHJACKING ANY OF THE COMPANIES." Mark Miller confirmed that I was not involved.

13. As Mark Miller also admitted in his September 19 deposition, I had no role in social media regarding pumping any stocks.

14. I have never met Rajkern nor had any communication with him regarding BLLB or any other companies implicated in these allegations. This fact further refutes the SEC's claim of a coordinated hijacking.

15. In Reference to the penny stocks DIGI, UITA, LEAS, ECMH, or BBDA, I was unaware that these stocks were being "hijacked" and played no role in promoting or executing any such schemes.

16. I have fully cooperated with the SEC, including responding to a subpoena in 2019. When I sought advice from Mark Miller regarding how to respond to the Subpoena, he instructed me in writing not to cooperate with the SEC. I did not listen to his instruction and instead cooperated fully. I submitted all responsive documents to the SEC.

17. Despite two additional years of investigation and discovery, the SEC has failed to produce any new evidence that substantiates its claims beyond my acceptance of a plea deal.

18. However, recently-discovered evidence has called all of the SEC's evidence into question. On March 12, 2025, Mr. Scott Webber introduced new evidence that raises serious questions about Mark Miller's identity and other critical facts of this case. I did not have access this evidence during my criminal proceeding.

I declare under penalty of perjury under the laws of Minnesota and of the United States of America that foregoing is true and correct.

Date: March 21, 2025

*Saeid Jaberian*