UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**MARK A. MILLER, SAEID JABERIAN, and CHRISTOPHER J. RAJKARAN,**<br><br>Defendants. | Case No. 21-CV-01445 (DSD/ECW) |

**PLAINTIFF'S REPLY IN SUPPORT OF
ITS MOTION FOR PARTIAL SUMMARY JUDGMENT
AGAINST DEFENDANT SAEID JABERIAN**

In response to Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 130), Defendant Saeid Jaberian ("Jaberian") does not dispute that he pleaded guilty to securities fraud in a parallel criminal case concerning his acquisition and sale of Bell Buckle Holdings, Inc. ("BLLB") stock. Nor does Jaberian dispute that his guilty plea involved the very same conduct at issue in the United States Securities and Exchange Commission's ("SEC") motion. Further, Jaberian does not dispute that the elements of his criminal securities fraud conviction, which included *scienter*, would constitute a violation of the securities laws in this civil proceeding.[1] Instead, Jaberian asks this Court to consider a letter to the Court from Jaberian's codefendant's sentencing in the criminal

---

[1] Jaberian has not appealed or otherwise challenged his criminal conviction.

case as raising a question on the issue of his *scienter*. Jaberian claims the letter which *doesn't mention BLLB*, precludes summary judgment on Jaberian's participation in securities fraud involving BLLB, and ultimately requires a jury trial. (*See* Dkt. No. 135 at 4.) However, Jaberian is wrong. The SEC has fully satisfied each element of collateral estoppel and the letter Jaberian touts, whether "recently discovered" or not, does not alter that conclusion.

## ARGUMENT

**A.   Jaberian's Criminal Conviction Conclusively Establishes His Liability for Securities Fraud Involving BLLB.**

Under the doctrine of collateral estoppel, a party is not permitted to relitigate any matter that he already has litigated, and lost, in a prior proceeding. Collateral estoppel requires the following elements:

> (1) the issue sought to be precluded must be the same as that involved in the prior litigation; (2) that issue must have been actually litigated; (3) it must have been determined by a valid and final judgment; and (4) the determination must have been essential to the judgment.

*Lovell v. Mixon*, 719 F.2d 1373, 1376 (8th Cir. 1983).[2] "Collateral estoppel may only be applied if the party against whom the earlier decision is being asserted had a 'full and fair' opportunity to litigate the issue in the prior adjudication." *In re Miera*, 926 F.2d 741, 743 (8th Cir. 1991) (quoting *Lovell*, 719 F.2d at 1376).

The SEC has fully established each of these elements. It is undisputed that:

---

[2] Jaberian's reliance on *Willems v. Commissioner of Public Safety*, 333 N.W.2d 619, 621 (Minn. 1983), is inapt. (*See* Dkt. No. 135 at 6.) That case sets forth the requirements of collateral estoppel under Minnesota law, rather than federal law.

(1) Jaberian was charged in his criminal case based on the same acts of securities fraud with respect to BLLB that are at issue in this civil case; (2) Jaberian was represented by counsel in the criminal case, and his liability for securities fraud regarding BLLB was actually litigated in the criminal case; (3) Jaberian entered a guilty plea for securities fraud involving BLLB, making sworn admissions of his guilt on every element of the charge – which the Court accepted and entered a valid final judgment against him. (*See* Dkt. No. 133, Qualls Decl. Exs. 1-5, Indictment ¶¶ 25-34, 46; Plea Agreement ¶ 2; Judgment of Conviction; Plea Tr. 19-24; Sentencing Tr. 6.)

Notably, Jaberian does not contend that any sworn statements he made to the Court during his guilty plea are untrue or that his conviction is otherwise invalid. For example, Jaberian admitted that: (a) he provided his codefendants access to BLLB on the SEC's EDGAR system, which allowed them to make public filings on behalf of the company; (b) he provided false information for a draft press release announcing Jaberian as the CEO of BLLB, which was edited by his codefendants and used to pump up the price of BLLB stock; (c) he was willfully blind to the full nature of the scheme; and (d) he made a profit of $67,034 from the criminal scheme by buying and selling his BLLB stock. (Dkt. No. 133, Qualls Decl. Ex. 2, Plea Agreement ¶ 2.) Neither Jaberian's response brief, nor the evidence submitted with it, disputes *any* of these facts.

Accordingly, this Court should continue to regard Jaberian's sworn admissions in his criminal proceeding as presumptively true and conclusive as to his liability for securities fraud involving BLLB. *See Adames v. United States*, 171 F.3d 728, 732 (2d Cir. 1999) ("A criminal defendant's self-inculpatory statements made under oath at his

3

plea allocution carry a strong presumption of verity and are generally treated as conclusive in the face of the defendant's later attempt to contradict them.") (internal citations and quotation marks omitted); *see also SEC v. Collyard*, No. 11-CV-3656 (JNE/JJK), 2015 WL 1537600, at *2 (D. Minn. Apr. 6, 2015) (granting summary judgment, and applying collateral estoppel, based on facts admitted in plea agreement).

Jaberian's own admissions establish every element of securities fraud vis-à-vis BLLB, including his mental state, which is the only element of the fraud that he disputes here. (*See* Dkt. No. 135 at 6-7.) The SEC acknowledges that *scienter* is required to prove a violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), Rule 10b-5 thereunder, and Section 17(a)(1) of the Securities Act of 1933 ("Securities Act"); however, violations of Sections 17(a)(2) and (3) of the Securities Act do not require *scienter* and may be proven by showing that a defendant acted negligently. *SEC v. Shanahan*, 646 F.3d 536, 541 (8th Cir. 2011).

In order to prove the element of *scienter* in this case, the SEC must establish either a defendant's intent to deceive or that he acted with severe recklessness. *Shanahan*, 646 F.3d at 543. *Scienter* may be established by evidence that a defendant acted with "willful blindness," which demonstrates a defendant's knowledge and intent because he "deliberately failed to inquire about [the illegal activity] before taking action to support the activity." *United States v. Whitehill*, 532 F.3d 746, 751 (8th Cir. 2008). And courts have affirmed that a defendant's willful blindness demonstrates his *scienter* in a civil securities fraud action. *See, e.g.*, *SEC v. Big Apple Consulting USA, Inc.*, 783 F.3d 786, 805-06 (11th Cir. 2015) (citing *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754,

4

768 (2011) ("[W]e can see no reason why the doctrine [of willful blindness] should not apply in civil lawsuits . . . .")). Negligence, on the other hand, means "fail[ure] to use the degree of care and skill that a reasonable person of ordinary prudence and intelligence would be expected to exercise in the situation." *SEC v. True North Fin. Corp.*, 909 F. Supp. 2d 1073, 1122 (D. Minn. 2012).

Jaberian has affirmed the accuracy of his guilty plea and that he acted with willful blindness in his actions regarding BLLB. (*See* Dkt. No. 133, Qualls Decl. Exs. 2, 4, 6, Plea Agreement ¶ 2; Plea Tr. 21-23; Jaberian Dep. Tr. 25-41, 127.) Accordingly, Jaberian's sworn admissions in his criminal proceeding and his civil deposition, that he was willfully blind to the full nature of the securities fraud scheme in which he participated and turned a blind eye to his coconspirators' acts, conclusively establish that he acted with *scienter,* and also failed to use reasonable care, for purposes of finding him civilly liable for securities fraud involving BLLB.

None of Jaberian's factual or legal arguments raise any doubt that he should be liable for securities fraud regarding BLLB in this case. Although Jaberian notes that the SEC's motion rests **entirely** on Jaberian's guilty plea in his parallel criminal case (Dkt. No. 135 at 6), nothing more is required.[3] Accordingly, the doctrine of collateral estoppel

---

[3] Indeed, even if Jaberian were contesting his guilty plea on appeal, or collaterally attacking his conviction for ineffective assistance of counsel, which he is not, he would be estopped from re-litigating his liability for securities fraud involving BLLB based on his prior judgment. *Coleman v. Tollefson*, 575 U.S. 532, 539 (2015) ("[A] judgment's preclusive effect is generally immediate, notwithstanding any appeal."); *Webb v. Voirol*, 773 F.2d 208, 211 (8th Cir. 1985) (state-law collateral attack on conviction did not render it non-final for preclusion purposes).

establishes Jaberian's liability for securities fraud involving BLLB. *See SEC v. Cook*, No. 09-cv-3333 (MJD/FLN), 2016 WL 128132, at *1 (D. Minn. Jan. 12, 2016) (granting SEC's motion for summary judgment on securities fraud counts based on collateral estoppel); *Collyard*, 2015 WL 1537600, at *2 (same).

B.     **Jaberian Has Failed to Raise a Disputed Issue of Material Fact.**

Neither Jaberian's citation to other deposition testimony in this case, or a letter to the Court submitted in advance of Jaberian's codefendant's sentencing, are sufficient to raise an issue of disputed material fact for purposes of summary judgment. To survive the SEC's motion, Jaberian must do more than raise "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), or make "mere allegations or denials," *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). Jaberian must set forth "the existence of specific facts which create a genuine issue for trial." *Krenik*, 47 F.3d at 957.

*First*, Jaberian contends that he lacked *scienter* needed for securities fraud because the "only credible evidence in the record" is that Defendant Mark Miller ("Miller") convinced Jaberian to be the "new face" of BLLB, and that Jaberian had no knowledge of Miller's scheme. (Dkt. No. 135 at 7.) But Jaberian's argument totally ignores his own guilty plea and deposition testimony in which he testified that his "willfully blind" admission was "true." (Dkt. No. 133, Qualls Decl. Exs. 2, 6, Plea Agreement ¶ 2, Jaberian Dep. Tr. 34.) Moreover, Miller's testimony that he recruited Jaberian to be the "face" of BLLB because Miller had used his own name to hijack other issuers is irrelevant to Jaberian's *scienter*. That testimony does not undermine Jaberian's own

6

admission that he deliberately failed to inquire into the nature of Miller's hijacking scheme for BLLB before he recklessly and negligently agreed to participate in and facilitate the scheme, and profited from it. *Whitehill*, 532 F.3d at 751; *Collyard*, 2015 WL 153700, at *2.

*Second*, Jaberian claims that a letter from J. Scott Webber ("Webber"), the former CEO of another issuer (ECMH) hijacked by Miller, was not produced before his guilty plea or during discovery in this matter. (Dkt. No. 135 at 6.) Webber's letter is a Victim Impact Statement dated February 5, 2022 (the "Webber Letter") that he submitted to the Court in advance of Miller's sentencing, copying the United States Attorney's Office, the FBI, and the SEC, during the time that this case was stayed. (*See* Dkt. No. 136-1 at 12-14, Jaberian Decl. Ex. B, Webber Decl. Ex. 1.) In the Webber Letter, Webber claimed that: (1) Miller's real name was Mark Kilchesky; and (2) Mark Kilchesky and his "team," which includes his brothers and **Jaberian**, hijacked various public companies and executed pump-and-dump schemes. (*Id*.)

If Jaberian is suggesting that he cannot respond to the SEC's motion for summary judgment because he needs discovery regarding the Webber Letter, which Jaberian claims may not be accurate (Dkt. No. 135 at 4 n.1), then the proper response would have been to submit a declaration under Federal Rule of Civil Procedure 56(d) and/or ask the Court for a continuance. However, he failed to do either of these things, presumably because Jaberian had sufficient knowledge of the Webber Letter and the assistance of Webber in submitting Webber's March 12, 2025 declaration, which was attached to Jaberian's own declaration. (Dkt. No. 136-1 at 10-11, Jaberian Decl. Ex. B, Webber

7

Decl.) Accordingly, the SEC's motion is ripe for adjudication based on the current evidentiary record. *Nooner v. Norris*, 594 F.3d 592, 600 (8th Cir. 2010); *Dulany v. Carnahan*, 132 F.3d 1234, 1238-39 (8th Cir. 1997).

But Jaberian does not want more discovery. Instead, Jaberian argues that the existence of the Webber Letter now precludes a finding of liability for securities fraud involving BLLB and requires a jury trial. (Dkt. No. 135 at 6-7.) More specifically, Jaberian claims that the SEC has not satisfied the "full and fair opportunity" requirement of collateral estoppel, and the issue of his *scienter* remains in dispute. (*Id.*) However, Jaberian cites no legal authority for either of these propositions, and as a factual matter they make no sense.

The SEC is not endeavoring to prove that the facts revealed in discovery show that Jaberian committed securities fraud with regard to BLLB. The SEC's motion is based entirely upon Jaberian's conviction and admissions in his criminal case. Under the principle of collateral estoppel, the SEC is only required to show that Jaberian had a "full and fair opportunity" to litigate his liability for BLLB securities fraud in the ***prior criminal proceeding***. *Miera*, 926 F.2d at 743 (citing *Lovell*, 719 F.2d at 1376). Jaberian does not claim that: (1) his criminal defense attorney was not aware of the Webber Letter; (2) he was unable to obtain the Victim Impact Statements submitted in connection with Miller's sentencing (and before his own guilty plea); (3) the Webber Letter is exculpatory evidence in his criminal case (nor could he, since the Webber Letter expressly accuses him of misconduct); or (4) he would not have entered a guilty plea if he had been aware of the content of the Webber Letter. In fact, Jaberian never argues that he lacked a full

8

and fair opportunity to litigate his criminal case – he merely suggests that the Webber Letter calls into question whether he had a full and fair opportunity to litigate this case.

The proper application of collateral estoppel is based entirely on the criminal case and has nothing to do with discovery in this civil proceeding. The SEC did receive the Webber Letter in 2022, while this matter was stayed, and regrets that it inadvertently failed to produce the letter in discovery.[4] However, Jaberian elected to plead guilty in his prior criminal proceeding, with the advice of legal counsel, and he has never appealed that conviction or collaterally attacked that judgment. Nor does he suggest here that he has any intent to do so. And if he did, his criminal judgment would nonetheless have preclusive effect in this proceeding. *See Coleman*, 575 U.S. at 539; *Webb*, 773 F.2d at 211.

Moreover, the Webber Letter is not exculpatory. Webber accuses Jaberian of acting along with Mark Miller a/k/a Kilchesky in a fraudulent scheme involving other issuers of public stock. Even if it was really Kilchesky who recruited Jaberian as a dupe to act as the face of a hijacked public company, that fact would support rather than contradict Jaberian's admission that he was willfully blind and criminally responsible for his actions regarding BLLB. *See Progressive Northern Ins. Co. v. McDonough*, 608 F.3d 388, 391 (8th Cir. 2010) ("[L]ater deposition testimony contradicting [a] guilty plea

---

[4] Because the Webber Letter post-dated the filing of the Complaint in this case, it was outside the SEC's search protocol parameters that were premised on a pre-Complaint date range. However, the SEC did produce the documents Webber submitted to the SEC during its investigation and identified Webber in its initial disclosures to Jaberian and answers to Jaberian's interrogatories.

9

cannot create a genuine issue of material fact to survive a motion for summary judgment.") Accordingly, the Webber Letter fails to create a genuine issue of material fact about Jaberian's conviction for BLLB securities fraud, the elements of collateral estoppel, or the relief requested by the SEC, which Jaberian has not challenged.

## CONCLUSION

For the reasons set forth above, the SEC respectfully requests that the Court enter an order of partial summary judgment against Defendant Saeid Jaberian for committing securities fraud with respect to BLLB, in violation of Exchange Act Section 10(b), Rule 10b-5, and Securities Act 17(a) (Counts I and II), and aiding and abetting Miller's violations of those same statutes with respect to BLLB (Counts III and IV).

If the Court holds Jaberian liable for any one these charges, the SEC respectfully requests that the Court permanently enjoin Jaberian from future violations of the securities laws and bar him from acting as an officer or director of a public company and from participating in an offering of penny stock.

Dated: March 28, 2025

                                            Respectfully submitted,

                                            */s/Alyssa A. Qualls*
                                            Alyssa A. Qualls (quallsa@sec.gov)
                                            Robert M. Moye (moyer@sec.gov)
                                            United States Securities and Exchange
                                            Commission, Chicago Regional Office
                                            175 West Jackson Boulevard, Suite 1450
                                            Chicago, Illinois 60604
                                            (312) 353-7390

                                            *Attorneys for Plaintiff United States*
                                            *Securities and Exchange Commission*

                                          Craig R. Baune
                                          Assistant U.S. Attorney
                                          Attorney ID No. 331727
                                          United States Attorney's Office
                                          for the District of Minnesota
                                          600 United States Courthouse
                                          300 South Fourth Street
                                          Minneapolis, MN 55415
                                          Phone: 612-664-5600
                                          Craig.baune@usdoj.gov

                                          *Local Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I served the Plaintiff SEC's Reply in Support of Its Motion for Partial Summary Judgment against Defendant Saeid Jaberian upon the following individual as indicated below:

**SAEID JABERIAN**
Minneapolis, Minnesota 55305
perspolisjon1@gmail.com
(612) 251-2727
*Via Email*

*Pro Se*

  */s/ Alyssa A. Qualls*
  Alyssa A. Qualls