UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
CIVIL NO. 21-1445(DSD/ECW)

United States Securities and
Exchange Commission,

                    Plaintiff,

v.                                              **ORDER**

Mark A. Miller, Saeid Jaberian,
and Christopher J. Rajkaran,

                    Defendants.


        This matter is before the court upon the motion for partial
summary judgment by plaintiff United States Securities Exchange
Commission (SEC) against defendant Saeid Jaberian.  Based on a
review of the file, records, and proceedings herein, the court
grants the motion.


                            **BACKGROUND**

        The SEC commenced this securities fraud action in June 2021,
alleging that defendant Miller violated the Securities Act of 1933
and the Securities Exchange Act of 1934 relating to various seven
different stock issuers.  The SEC later filed an amended complaint
to include defendants Jaberian and Rajkaran, as participants in
the fraud.  See ECF No. 20.  The case is resolved as to Miller and
Rajkaran, leaving the SEC's claims against Jaberian for

resolution.    Solely  at  issue  here  is  whether  Jaberian  violated
Section 10(b) of the Exchange Act, Rule  10b-5, and Section 17 of
the  Securities  Act,  and  aided  and  abetted  the  same,  as  to  the  stock
listed as BLLB.  Jaberian's Conduct relating to the other six stock
issuers listed in the amended complaint is not presently at issue.

At  the  same  time  this  civil  case  was  initiated  by  the  SEC,
the  United  States  Attorney  for  the  District  of  Minnesota  indicted
Miller,  Jaberian,  and  Rajkaran  for  the  conduct  alleged  in  the  civil
complaint  relating  to  BLLB  and  three  other  stock  issuers.    United
States  v.  Miller,  et  al.,  Crim.  No.  21-142(DSD/ECW).    Jaberian
pleaded  guilty  to  securities  fraud  relating  to  BLLB  in  November
2022.    Qualls  Decl.  Ex  2.    The  court  sentenced  Jaberian  to  two
years of probation.

In  his  plea  agreement,  Jaberian  admitted  the  following
material  facts:  (1)  he  provided  his  co-conspirators  with  access
the  SEC's  filing  system,  which  allowed  them  to  make  public  filings
on  behalf  of  BLLB;  (2)  he  provided  false  information  for  a  press
release  announcing  him  as  the  chief  executive  officer  of  BLLB,
which  was  designed  to  artificially  inflate  the  price  of  BLLB  stock;
(3)  he  was  "willfully  blind  to  the  full  nature  of  the  scheme;"  and
(4)  he  benefited  from  the  scheme  by  selling  his  BLLB  stock  at
artificially  inflated  prices.    Qualls  Decl.  Ex  2  ¶  2.    Jaberian
admitted  the  above  facts  in  open  court  during  his  plea  hearing.
Qualls  Decl.  Ex.  4,  at  19-24.    In  this  case,  Jaberian  has

maintained that his admissions as to the facts underlying and set forth in the plea agreement are true and accurate.  See ECF No. 47 ¶¶ 2, 6-10; Qualls Decl. Ex. 6, at 25-41, 127.

The SEC now moves for the entry of partial summary judgment, and for the imposition of injunctive and other relief against Jaberian.  The SEC argues the facts alleged in the amended complaint are conclusively established given Jaberian's material admissions in the criminal case, which bar him from challenging them here.

## DISCUSSION

### I.  Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material only when its resolution affects the outcome of the case.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party.  See id. at 252.  On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party.  Id. at 255.

The nonmoving party, however, may not rest on mere denials or allegations in the pleadings, but must set forth specific facts sufficient to raise a genuine issue for trial. Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists - or cannot exist - about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II. Collateral Estoppel

Under the doctrine of collateral estoppel, "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." United States v. Gurley, 43 F.3d 1188, 1198 (8th Cir. 1994) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). Collateral estoppel applies when:

> (1) the issue was identical to one in a prior adjudication; (2) there was a final judgment on the merits; (3) the estopped party was a party or in privity with a party to the prior adjudication; and (4) the estopped party was given a full and fair opportunity to be heard on the adjudicated issue.

Id. (quoting Arkla Expl. Co. v. Tex. Oil & Gas Corp., 734 F.2d 347, 356 (8th Cir. 1984)). "It is well established that prior

criminal proceedings can work an estoppel in a subsequent civil proceeding, so long as the question involved was 'distinctly put in issue and directly determined' in the criminal action." S.E.C. v. Gruenberg, 989 F.2d 977, 978 (8th Cir. 1993) (citation omitted).

Jaberian admits the collateral estoppel standard is met here. He does not dispute that the legal elements of his criminal conviction are the same as those in the civil claims brought against him here. He does not deny that the criminal conviction resulted in a final judgment on the merits. He does not deny that he was a party in the criminal case. And he does not deny that he had a full and fair opportunity to adjudicate the issues in his criminal case.

Instead, Jaberian contends that newly discovered evidence undermines the entirety of the case against him, including whether he had the necessary scienter to be civilly liable for securities fraud. The first piece of newly discovered evidence is deposition testimony from Miller indicating that he duped Jaberian into participating in the scheme to defraud. But this evidence does nothing to undermine Jaberian's own statements in the criminal case and this case establishing his culpability.

The second piece of newly discovered evidence is a declaration submitted by a victim in the criminal case against Miller, which suggests that Miller may have used an alias at times. Again, this

5

evidence has no bearing on Jaberian's admissions of guilt. Whether Miller used an alias at some point does not affect whether Jaberian participated in the fraud. Specially as to scienter, this new evidence does nothing to undermine Jaberian's admitted willful blindness, which establishes scienter under both criminal and civil securities laws. See United States v. Whitehill, 532 F.3d 746, 751 (8th Cir. 2008) (criminal); S.E.C. v. Big Apple Consulting USA, Inc., 783 F.3d 786, 805-06 (11th Cir. 2015) (civil).

The court therefore concludes that collateral estoppel bars Jaberian from challenging the elements of the claims against him relating to BLLB, as admitted in the criminal case. As a result, the motion for partial summary judgment must be granted.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1.   The motion for partial summary judgment [ECF No. 130] is granted as set forth above;

2.   Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)  to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3.   As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant or with anyone described in (a);

4.   Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)  to employ any device, scheme, or artifice to defraud;

(b)  to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

7

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

5. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

6. Under Section 21(d)(2) of the Exchange Act and Section 20(e) of the Securities Act, defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act;

7. Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act;

8. Upon motion of the SEC, the court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or

a civil penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act and, if so, the amount(s) of the disgorgement and/or civil penalty.   If disgorgement is ordered, defendant shall pay prejudgment interest thereon, calculated from July 30, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).   In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion, the court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties;

    9.   The court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment; and

10.   There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk shall enter this judgment forthwith and without further notice. **LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: April 9, 2025

s/David S. Doty
David S. Doty, Judge
United States District Court