# UNITED STATES DISTRICT COURT
## District of Minnesota

| | |
|---|---|
| United States Securities and Exchange Commission | **JUDGMENT IN A CIVIL CASE** |
| Plaintiff(s), | |
| v. | Case Number: 21-cv-01445-DSD-ECW |
| Mark A. Miller, Saeid Jaberian, Christopher J. Rajkaran | |
| Defendant(s). | |

☐ **Jury Verdict**.  This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court**.  This action came to trial or hearing before the Court.  The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED THAT:

1. The motion for partial summary judgment [ECF No. 130] is granted as set forth above;

2. Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

   (a) to employ any device, scheme, or artifice to defraud;

   (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

   (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

3. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with defendant or with anyone described in (a);

4. Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

5. As provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a);

6. Under Section 21(d)(2) of the Exchange Act and Section 20(e) of the Securities Act, defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act or that is required to file reports pursuant to Section 15(d) of the Exchange Act;

7. Defendant is permanently barred from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act;

8. Upon motion of the SEC, the court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, defendant shall pay prejudgment interest thereon, calculated from July 30, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the SEC's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion, the court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or

investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure. In connection with the SEC's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties;

9. The court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment; and

10. There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the clerk shall enter this judgment forthwith and without further notice.

Date: 4/14/2025                                         KATE M. FOGARTY, CLERK